STATE ex rel. EMERN McALLEN v. DISTRICT COURT OF PINE COUNTY and Others.[1]

December 12, 1902.

Nos. 13,366—(275).

Change of Venue—Affidavit under Act of 1895.

Under Laws 1895, c. 28, it is imperative that an affidavit for change of venue state the actual place of residence of defendant at the time of the commencement of the action. It is not the fact itself which controls, but the statement in respect thereto as set forth in the affidavit. An affidavit which declared that the defendant in the above-entitled action is now, and for more than two months last past has been, a resident of Hennepin county, in which county she does now and during all of said time has been and is a resident, etc., was defective and insufficient in that it did not show that defendant was such resident at the commencement of the action. Held, under the circumstances of this particular case, although the appearance of other counsel than the attorney of record upon the argument of a motion pending before the court was not, in the first instance, expressly authorized, yet the order of the court, based upon such motion, having been accepted by the parties interested, and no steps having been taken to set it aside, such order will not be declared void in an independent proceeding by the opposite party based upon the validity of the order.

[1] Reported in 92 N. W. 518.

**Waiver of Defect.**

> Upon the argument of such motion, the attorneys having entered a general appearance, and not having raised the question of the validity of the affidavit for change of venue, the trial court was justified in holding that such defect was waived.

Petition by relator for a writ of prohibition from the supreme court directed to the district court for Pine county and Hon. F. M. Crosby, a judge thereof, restraining further action or proceedings in that county in an action therein pending by Peter McAllen against relator. Writ granted.

*Erwin & Mead,* for relator.

*John F. Fitzpatrick,* for respondent.

LEWIS, J.

On July 24, 1902, the relator commenced an action in the district court of Pine county against Carrie E. and Fred A. Hodge. On July 31, Peter McAllen began proceedings in the same court against the relator for the purpose of restraining the prosecution of that suit. On examination of the complaint in the injunction suit, which was never filed in Pine county, the court issued a temporary restraining order, staying all proceedings in the first suit until the further order of the court; and the restraining order was made returnable at Hastings on September 1, 1902, and required defendant to show cause why a temporary writ of injunction should not issue.

The restraining order was served upon the relator and upon her attorneys, and thereupon the following affidavit was executed by her:

"Emern McAllen, being first duly sworn, doth depose and say that she is the defendant in the above-entitled action; that she is now, and for more than two months last past has been, a resident of Hennepin county, Minnesota, in which county she does now and during all of said time has been and is a resident; that this affidavit is made for the purpose of procuring a change of the place of trial of said cause from said Pine county to said county of Hennepin, and for no other purpose."

A demand for a change of venue from Pine county to the county of Hennepin was also made and served, together with a notice of

appearance by leaving a copy thereof with a person in charge of the office of respondent's attorney, who was out of the city. On August 5 the attorneys for relator filed the demand, notice of appearance, and affidavit with the clerk of the district court of Pine county, who on August 12, 1902, forwarded the papers and files in that action to the clerk of the district court of Hennepin county.

On August 12 relator gave notice of a motion before one of the judges of Hennepin county for an order to vacate and set aside the temporary restraining order issued by the court of Pine county. The answer and notice of this motion were served upon Peter W. McAllen and upon respondent's attorney, by leaving the same with a person in charge of his office, he being absent from the state. The matter came on for hearing upon that motion before the Honorable C. M. Pond, of the district court of Hennepin county, on August 16; relator appearing by her attorney; and a firm of well-known and reputable attorneys of St. Paul appearing on behalf of Peter W. McAllen.

After due consideration the court made its order dissolving the temporary restraining order, and the matter is brought before this court upon the petition of the relator, praying for a writ of prohibition directed to the district court of Pine county, prohibiting further action or proceedings in that county in the suit of Peter W. McAllen against relator.

The record presents two questions: First, the sufficiency of the affidavit for a change of venue; and, second, if that affidavit is insufficient, was it waived by the appearance of the attorneys on behalf of Peter W. McAllen on the argument of the motion in Hennepin county?

1. That part of the statute necessary to mention here (Laws 1895, c. 28) reads as follows:

"If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county, which demand shall be accompanied by an affidavit of the defendant, his attorney or agent, as to the actual residence of the

88 M.—7

defendant at the time of the commencement of the action, and upon filing due proof of the service of such demand and affidavit upon the attorney of plaintiff in the office of the clerk of the district court in the county in which such action is commenced such action shall thereupon be transferred and the place of trial thereof changed to the county of which such defendant is a resident, without any other steps or proceedings whatever."

It will be observed that in the affidavit filed in this case there is a failure to state that the relator was at the time of the commencement of the action a resident of Hennepin county. It does state that she was such resident for more than two months last past, but it does not appear from the affidavit when the action was commenced. The statute contemplates that upon the compliance with its terms the change of venue takes place immediately by operation of law. No action of the court is required. It is simply made the duty of the clerk to transfer the papers when such an affidavit as the statute provides for is filed, together with proof of service of the demand. It is argued that, because it appears from the record that the relator was in fact a resident of Hennepin county at the time of the commencement of the action, that fact must control. Such is not the purport of the statute. It is to avoid all controversy as to what the fact is in the first instance. Prima facie, the fact must appear from the affidavit itself; and if a mistake has been made, or the truth not stated, it is then for defendant to show what the fact is, in proper proceedings to restore the case to the original county.

2. It is contended by respondent that the appearance for Peter W. McAllen at the hearing in Minneapolis was unauthorized; that it did not bind respondent in any way, and that consequently the order issued by that court dissolving the restraining order was of no effect, and, the affidavit for the change of venue being void, the action is still properly pending in Pine county; and that the petitioner was entitled to no relief. The affidavit of respondent in reference to this subject is to the effect that the attorney of record never requested the attorneys to appear for him or in his place in the action, and he never in any manner communicated with them, or either of them, in regard to the same.

Assuming that the affidavits on behalf of respondent are suffi-cient to show that the attorneys in question were not, in the first instance, authorized to appear, yet it must have been known to the attorney of record long prior to the commencement of this proceeding that they did in fact appear, and that their appearance terminated in a dissolution of the restraining order. According to the affidavit of respondent's attorney, he left the state on August 2, and did not return until the last of August; and he assumed that during such time no action would be taken with reference to the proceedings commenced by him until his return. But was it reasonable to assume that the relator would not take some action during that time? The time for answer would expire in the meantime, and the temporary restraining order was in force. There is no proof of any agreement that the relator would leave matters in statu quo until the return of respondent's attorney. Persons were left in charge of the attorney's office, who were empowered to serve papers in the case, and who were qualified by law to accept service for him during his absence, and it appears that the answer and moving papers in the motion pending in Hennepin county were served upon such persons. The attorney, therefore, must reasonably have expected or anticipated that some action might be taken with reference to the suit while he was away, and in such case that the persons in charge of his office would have notice thereof. While it does not definitely appear, it is to be inferred that the young man in charge of the attorney's office, when the papers were served upon him, believing it to be his duty, delivered them into the hands of a reputable firm of attorneys, and requested them to look after the matter.

We are led to the conclusion that, notwithstanding the fact that there was no express authority to appear, yet the attorneys were acting for what they believed to be the best interests of respond-ent and his attorney, and the effect of such action cannot be ignored unless it appears that respondent rejected the result. If respondent or his attorney intended to repudiate the result of such appearance upon the ground of no authority, immediate ac-tion to have the order issued in that matter set aside was impera-tive, and no such action was taken.

This leaves but one question further to be considered, and that is, did the attorneys waive the invalidity of the affidavit for the change of venue by their general appearance upon the argument of the motion in Hennepin county? From the order of the court and the record it appears that the matter submitted upon that occasion did not involve the validity of the change of venue at all, but was submitted wholly upon the merits,—whether, upon the complaint and answer, the respondent was entitled to the temporary restraining order which had been issued from Pine county. It is true that, after the hearing was over, it was discovered that the affidavit was defective, and the court's attention was called to it; but the trial court, although discussing the proposition to some extent, based its decision upon the ground that such question was not before it, for the reason that the motion was argued and submitted by attorneys who had made a general appearance. While the court might have required the matter to be resubmitted upon that point, it was not done, and its action in that respect was final.

Let the writ issue as prayed for.