STATE ex rel. ROSCOE F. HERSEY and Others v. DISTRICT COURT OF RAMSEY COUNTY and Others.[1]

November 6, 1903.

Nos. 13,777—(216).

**Change of Venue.**

In an action brought in Ramsey county against three defendants, H., H., and B., defendants H. and H. resided in that county, while defendant B. resided in Washington county. The latter failed to demand a change of the place of trial before his time for answering expired, but thereafter, and before the time for answering of one of the other defendants, the summons having been served upon him subsequent to its service upon B., all three defendants united in a demand for a change of venue to Washington county. *Held*:

(1) That the question whether a change of venue was effected by such demand must be determined upon the basis of the rights of B. to obtain the same at the time the demand was made.

(2) That the defendants H. and H. had no right to demand a change at all, and, as the right of B. had been lost and waived at the time the demand was made by his failure to make proper demand before his time to answer expired, the united demand of all the defendants made thereafter was ineffectual.

Alternative writ of mandamus issued from the supreme court upon relation of Roscoe F. Hersey and others, directed to the district court of Ramsey county, and the judges and clerk thereof. Writ discharged.

*Clapp & Macartney,* for relators.

*Henry Conlin* and *J. P. Kyle,* for respondents.

[1] Reported in 97 N. W. 112.

BROWN, J.

Alternative writ of mandamus to the judges of the district court of Ramsey county directing them to transfer an action pending in that court to the district court of Washington county.

The facts are as follows: The action sought to be transferred to Washington county was brought in Ramsey county against three defendants, R. F. Hersey, E. L. Hersey, and Jacob Bean. The two Herseys resided in Ramsey county at the time the action was commenced, and still do, and defendant Bean resided, and still resides, in Washington county. The summons was served upon defendants E. L. Hersey and Bean on August 26, 1903, who, on September 8, following, united in a demand for a change of venue to Washington county, the residence of Bean. Pursuant to this demand, the clerk of the district court of Ramsey county transferred the files to the clerk of Washington county, but the proceedings to effect the change of venue were defective, and the district court of that county remanded the cause to Ramsey county. It is conceded that that order was proper, for the affidavit for the change was insufficient. On September 15 the other defendant, R. F. Hersey, was served with the summons in the action; and, after the cause had been returned from Washington county, on September 24, the three defendants joined in an answer, which was duly served upon plaintiff's attorneys on that day. The summons having been served upon R. F. Hersey on September 15, his time to answer did not expire until October 5, but he in fact answered with the other defendants on September 24. On September 28 all the defendants united in a new demand for a change of venue to Washington county on the ground that it was the residence of Bean. The court below refused to transfer the action, and these proceedings followed.

We are of the opinion that the court below correctly disposed of the question. Our statutes give to a defendant the right to have an action brought against him tried in the county of his residence, but provide that an action brought in a county other than that of his residence may be tried therein unless defendant shall, before the time for answering expires, demand a change to the county of his residence. The purpose of the statute was to prevent an imposition upon defendant by the commencement of an action in a county remote from his residence, and to secure to him the absolute right to insist that it be tried in the

county of his residence.   He may waive his rights in this respect, and does so when he fails to comply with the statutes in reference to demanding a change to the proper county.   In the case at bar defendant Bean lost his right to a change of the place of trial to his own county by his failure to comply with the statutes; and at the time the second demand for a change was made he had no right, under the statutes, to insist upon it, for his right to answer had then long since expired. Defendants Hersey could not demand or ask for a change of venue to Washington county as a matter of right, for they resided in Ramsey county when the action was commenced, and, the right of defendant Bean in this respect having been lost, the change of venue was properly denied.

Whether, in any case, a change is warranted, under the statutes, where defendant insists upon it on the ground of his residence, must depend upon the right of the parties to effect such a change at the time the demand therefor is made.   And in the case at bar, for the reason that defendants Hersey could not demand a change at all, they being residents of Ramsey county, and as a change could only be effected on Bean's right to demand it, and as such right had been lost at the time the second demand therefor was made, no change was effected thereby.   It follows that the court below was right in denying the application of relators to change the venue to Washington county, and it is unnecessary to determine whether "the time to answer expires" when defendant in fact answers, or at the expiration of twenty days from the service of summons upon him.

Writ discharged.