GEORGE S. GRIMES v. SPENCER ERICSON and Others.[1]

May 13, 1904.

Nos. 13,838—(117).

**Change of Venue.**

> Where in an action there are several defendants, residing in different
> counties, a majority of them may secure the change of venue authorized
> by Laws 1903, p. 627, c. 345, by making the proper affidavit and serving
> a joint demand therefor before the time for answering has expired as to
> any of them, or by each of them making such affidavit and serving a
> demand for the same change at any time before his time for answering
> expires.

Appeal by plaintiff from an order of the district court for Hennepin
county, Charles M. Pond and Willard R. Cray, JJ., granting a mo-
tion for a change of venue and place of trial of the action to Kandiyohi
county.    Affirmed.

*George S. Grimes,* pro se.

*T. H. Salmon* and *N. L. Ericson,* for respondents.

START, C. J.

This action was brought in the district court of the county of Henne-
pin against S. R. Child and C. H. Kohler, residents of that county;
Spencer Ericson, a resident of the county of Kandiyohi; Ida Gahl, a
resident of the county of Freeborn; and Henry J. Hosmer, supposed
to be living, a resident of the state of Massachusetts.   The defendants
Ericson and Child, before the time of either for answering had expired,
served and filed with the clerk of the court an affidavit and demand, in
which the defendant Henry J. Hosmer purported to join by his attorney,
for a change of the place of trial of the action to the county of Kandi-
yohi.   At this time the summons had not been served on the defend-
ant Ida Gahl.   On the next day, November 25, 1903, the plaintiff
learned that the supposed defendant Henry J. Hosmer had died before
the commencement of the action.   Thereupon the plaintiff moved the
district court of the county of Hennepin to strike his name from the

---

[1] Reported in 99 N. W. 621.

summons and complaint, and to restrain the clerk of the court from transmitting the papers and files in the action to the district court of the county of Kandiyohi. This motion was heard December 11, 1903; the defendant Kohler joining the plaintiff in supporting the motion. The court made its order on December 22, 1903, granting the motion on the ground that there were in fact but four defendants, and a majority of them had not demanded a change of the place of trial. After the hearing of the motion, and within thirty days after the defendants Ericson and Child served their affidavits and demand, and on December 18, 1903, the defendant Ida Gahl—her time for answering not having expired—served and filed an affidavit and demand for a change of the venue to the county of Kandiyohi. The demand was signed by her alone, but it was expressly stated therein that she joined with the defendants Ericson and Child in a demand for such change.

The cause being at issue, it was noticed for trial by the plaintiff, and placed on the calendar for the January, 1904, general term of the district court of the county of Hennepin. The defendants Child, Ericson, and Gahl moved the court to strike the case from the calendar, to vacate the order of December 22, 1903, and to direct its clerk to transmit the papers and files in the action to the clerk of the district court of the county of Kandiyohi. The court on January 12, 1904, made its order granting the motion, and the plaintiff appealed from the order.

It thus appears from the record that a majority of the defendants, before the expiration of the time allowed them, respectively, for answering, had expired, served and filed an affidavit and a demand for a change of the place of trial to a county in which one of them resided at the commencement of the action. While they all united in a demand for such change, yet, when the last defendant did so, the time for answering had expired as to the other two defendants. Does this fact defeat the right of the defendants to the change of venue? This is the sole question presented for our decision, and its answer involves a construction of so much of Laws 1903, p. 627, c. 345, as reads as follows:

> Where in any action there are several defendants residing in different counties the action shall be tried in the county upon which a majority of such defendants shall unite in such demand.

The plaintiff contends that the majority of the defendants must, in order to secure a change of venue under this statute, serve a demand, in which all must unite, before the time for answering has expired as to the defendant to whose county it is sought to change the venue. If this be the correct construction of the statute, then a plaintiff desiring to defeat the defendants' statutory right to a change of venue can do so by serving the summons on one defendant; then, after his time for answering has expired, serves it on another defendant; and so on until all of the defendants have been served. In such a case it would be improbable that the defendants not served would voluntarily appear and join in the demand of the defendant served before his time for answering expired. The practical result of the plaintiff's construction would be that the right of a majority of the defendants to unite and secure a change of venue would be in the keeping of the plaintiff. It is the policy of the law, as evidenced by the statute, that transitory actions shall be brought and tried in the county where the defendant resides, or, in case of several defendants residing in different counties, in the county to which they unite in demanding the venue to be changed. The statute is a remedial one, and must be fairly and liberally construed, so as to effectuate the purpose of its enactment. It is not an unreasonable construction of the statute to hold, as we do, that where, in an action, there are several defendants, residing in different counties, a majority of such defendants may secure the change of venue authorized by the statute by making the proper affidavit, and serving a joint demand therefor, before the time for answering has expired as to any of them, or by each of them making such affidavit and serving a demand for the same change at any time before his time for answering expires.

This conclusion is not in conflict with our decision in the case of State v. District Court of Ramsey Co., 90 Minn. 427, 97 N. W. 112. In that case there were three defendants. Two of them resided in the county in which the venue of the action was laid, and as to them the action was brought in the proper county. The other defendant resided in the county of Washington, but he made no demand for a change of the place of trial before his time for answering expired; hence he lost his right to demand the change. This left no basis for a demand for such

change by his codefendants, or either of them. Such is not the case at bar, for here two of the defendants joined in a demand for a change of the place of trial to the county of Kandiyohi before the time of either for answering expired, and the other defendant served a like demand and joined in the demand of her two codefendants before the time for her to answer expired. Or in other words, each defendant made a demand for the same change of venue before his or her time for answering expired. This was a substantial compliance with the statute.

The defendant further urges that the affidavits of the defendants Ericson and Child were insufficient, because it was not stated therein that the time for answering had not expired. The statute does not require such facts to be stated in the affidavit, but does require that the actual residence of the defendant at the time of the commencement of the action should be so stated. State v. District Court of Pine Co., 88 Minn. 95, 92 N. W. 518.

It appears from the record that the demand was served before the time for answering by any of the defendants had expired.

It follows that the order appealed from was correct, and it is affirmed.