CARL A. JOHNSON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

November 24, 1905.

Nos. 14,529—(94).

**Railroad Crossing.**

The farm crossing required by G. S. 1894, § 2696, was intended for the benefit of the owner of the farm through which the railroad extends, and the company is under no legal obligation to maintain the crossing as it extends over the track in good condition for general public use.

**Same.**

When the planks of the crossing are removed by the company with the knowledge, or express or implied consent, of the owner of the land, the company is not liable for injuries to a third person using the crossing for his own benefit.

Action in the district court for Scott county to recover $1,975 for personal injuries sustained in driving over a private railway crossing on the farm of a third person. The case was tried before Morrison, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

F. J. Leonard, for appellant.

F. W. Root, for respondent.

BROWN, J.

The facts in this case are as follows: The line of defendant's railroad extends through the farm of one Ole Hagen, and at the time of its construction defendant provided a farm crossing for the use and benefit of the owner of the land, placing gates in the right of way fences, and planking the track to facilitate the passage of teams over

[1] Reported in 104 N. W. 961.

and across the same.   Prior to the time complained of in this action, defendant was in the habit of removing the planks in the fall of the year, and replacing them again in the spring, and had so removed them a week or ten days prior to the accident complained of.   During the winter of 1903–1904 plaintiff was residing upon this farm under some arrangement with Hagen; but he had not operated the farm, nor does the evidence show that he leased it for the purpose of operating it during 1904.   In fact, he testified that he had nothing to do with the farm, and had the use of the buildings only.   He had some stock of his own, and as compensation for the use of the buildings was caring for certain stock belonging to Hagen.   Plaintiff was injured December 21, 1903, by being thrown from a load of hay while crossing the track at this farm crossing.   The planks, as already stated, had previously been removed, and plaintiff's bobsled, upon which he was hauling some hay, dropped between the rails and caught in some manner, which suddenly stopped the team, throwing plaintiff to the ground.   He brought this action to recover damages against the railway company on the ground that it was guilty of negligence in removing the planks from the crossing without notice; that in making use of the track at this point he supposed the crossing was in good condition for use, having had no previous notice of the removal of the planks.   The trial court directed a verdict for defendant, and plaintiff appealed from an order denying his motion for a new trial.

In the view we take of the case it becomes unnecessary to consider any of the assignments of error respecting the admission or exclusion of evidence on the trial.   It is clear that plaintiff must fail in the action for the reason that the evidence wholly fails to show that the railway company failed in the performance of any duty it owed him, and the excluded evidence, had it been received, would not have supplied this defect in the proof.

The crossing in question was constructed for the use and benefit of Hagen, owner of the farm over which the railroad extended, and as to him there is no question but that the company was under obligation to keep and maintain it in good condition for use, but it was not required to so maintain it for use by people generally.   Ambler's Appeal, 2 Sad. 375, 4 Atl. 187; McCoy v. Southern, 94 Cal. 568, 29 Pac. 1110. Its obligation in this respect extended to Hagen and those in his em-

ploy. It appears, and it is not disputed, that the planks in the crossing were removed about a week before the injuries to plaintiff, with the knowledge of Hagen. Whether the planks were placed there by the company in compliance with the statutes requiring it to construct farm crossings, or under an agreement with Hagen, does not appear; but it does appear that the planks were removed with Hagen's knowledge, pursuant to a custom of the company, and that he interposed no objection. We are aware of no rule of law which would impose upon defendant the duty of informing all the servants or employees of Hagen of the fact that the planks had been taken away, if it be conceded that plaintiff was in a measure in Hagen's employ. Having informed Hagen of their removal, for whose benefit the crossing was constructed, defendant's full duty in the premises was performed, and it owed plaintiff no duty to look him up and notify him of the fact. Such being the case, it follows that defendant violated no duty it owed plaintiff by removing the planks, and the evidence wholly fails to sustain the allegations of negligence relied upon for recovery.

Order affirmed.