GEORGE HAYDEN and Others v. R. T. LAMBERTON and Another.[1]

March 22, 1907.

Nos. 14,950—(161).

**Right of Surviving Spouse.**

> Chapter 334, p. 581, Laws 1903, amending section 70, c. 46, p. 108, Laws 1889, made it unlawful for a childless spouse to dispose of all his or her personal property by will to another to the entire exclusion of the husband or wife of such testator, and entitled the surviving spouse to the same interest in both real and personal property of the deceased, unaffected by contrary testamentary disposition.

In the matter of the estate of Thomas T. Hayden, deceased, respondents appealed from the final decree of the probate court of Winona county to the district court for Winona county. The appeal was tried before Snow, J., who found in favor of respondents. From a judgment entered pursuant to the findings, R. T. Lamberton, as administrator, and Julia Nicol appealed. Reversed, with directions to proceed in accordance with the opinion.

*H. M. Lamberton, Edward Lees,* and *Brown, Abbott & Somsen,* for appellants.

*Fitzpatrick & Buck,* for respondents.

JAGGARD, J.

This appeal is from a judgment entered in the district court of Winona county, based on an order of the trial court construing the probate code of Minnesota in relation to the distribution of the personal estate of deceased persons, as amended by chapter 334, p. 581, of the Laws of 1903. That order held that prior to the taking effect of Revised Laws 1905, a childless spouse had the right to dispose of his personal estate by will, subject to the allowances to his widow especially provided for in subdivision 1 of section 70 of the probate code (Laws 1889, p. 108, c. 46). The propriety of that order is the question presented by this appeal.

[1] Reported in 111 N. W. 278.

In State v. Hunt, 88 Minn. 405, 93 N. W. 314, this court held that prior to Laws 1893, p. 226, c. 116, § 6, the husband might dispose of his personal property by will, and that the surviving wife had no right or interest therein as against the will. It also held that the amendment of that year did not change the law. The court then said: "If the amendment had consisted in simply striking out the words in the first part of section 70, and no addition had been made to subdivision 6, it would be very clear that it was the intention of the legislature to change the law as laid down in those cases." The legislature in 1903, by chapter 334, made this change. In Sorenson v. Carey, 96 Minn. 208, 104 N. W. 961, Mr. Justice Brown said: "In the case at bar the widow would have been entitled, on the death of her husband, if she had elected to reject the will, to her own property and a one-third interest in all the personal property left by the husband. * * *" It thus appears that in accordance with the suggestions of this court the legislature effected a statutory change, whose sole possible purpose was to subject the power of a husband to dispose of his personal property to the same limitations as applied to his power to dispose of his real estate, and that subsequently this court regarded the change made as having had this effect. While it is true that these utterances of the court were in a measure dicta, at the same time they expressed the then and the present conviction of the court on the subject.

The title of an act may be properly treated as an aid in determining what the legislature finally intended, but is not a final consideration generally, and in this case is not of controlling significance, in view of the actual succession of legislative attempts to accomplish a change in the law as to the power of testamentary disposition. That "the statute permitting the owner to dispose of all his property is subject to no exception made by the legislature save as otherwise provided" raises merely the question of what is "otherwise provided." That the act relied upon to provide otherwise "says nothing about wills" is not material. The question is, what effect is to be given to this legislative act? If its purpose can be reasonably ascertained from itself and its history, it is not necessary that it should contain the express and apt language which would indubitably formulate the new rule.

We think the case at bar presents a number of enactments made at dif-

100 M.—25

ferent times, resulting not in mere disjecta membra, but in a series of sections of a probate code which must be construed together as a whole, so as to effectuate an apparent legislative intent. How the remedial legislation change and omissions are to be regarded "as of no consequence or importance" we are unable to see, from the act itself or from any canon of construction. The natural and reasonable effect of the legislation is to make it unlawful for a childless spouse to dispose of all his or her personal property by will to another, to the entire exclusion of the husband or wife of such testator, and to entitle the surviving spouse to the same interest in both real and personal property of deceased, unaffected by contrary testamentary disposition.

Judgment reversed, with direction to proceed in accordance with this opinion.