# P. J. PETERSON v. C. M. E. CARLSON.[1]

November 20, 1914.

Nos. 18,627—(32).

**Venue — demand for change.**

1. Demand for a change of venue made under G. S. 1913, § 7722, must be made within 20 days after the summons is served. If made after that time, it is too late, even though the time for answering has been extended and has not yet expired.

**Same — effect of stipulation.**

2. A stipulation extending the time for answering does not extend the time for making application for change of venue.

**Demand a nullity if not made in time.**

3. In order to effect a change of venue, the defendant must make a record showing him entitled to a change. The essentials are that defendant be a nonresident of the county in which the action is brought and that the demand be made seasonably and in due form. The fact of nonresidence is made to appear by affidavit, and the truth of the affidavit in this particular can be challenged only in the court to which the venue is changed. In determining whether the demand was seasonably made, the court in which the action was commenced will look at its whole record, and, if the record shows on its face that the demand was not made in time, the court will treat the demand as a nullity.

Action in the district court for Waseca county by the executor of the last will and testament of Swan P. Peterson, deceased, to recover $2,100 upon two promissory notes. From an order, Childress, J., granting defendant's motion to strike the case from the calendar and directing the clerk of court to transmit the files to the district court for Hennepin county, plaintiff appealed. Reversed.

E. B. Collester and Moonan & Moonan, for appellant.
Olof L. Bruce and Harry Reuch, for respondent.

[1] Reported in 149 N. W. 536.

HALLAM, J.

This action was commenced in Waseca county. The summons, with the sheriff's return of service was duly filed with the clerk of the district court of Waseca county. Thirty-seven days after such service, defendant served a written demand for a change of venue to Hennepin county, with an affidavit in proper form alleging that de- fendant resided in Hennepin county at the time of the commencement of the action. In the meantime the time for answering had been ex- tended by stipulation, and the extended time had not yet expired. Issue was later joined, defendant entitling his answer "Hennepin County" and plaintiff entitling his reply "Waseca County." Plain- tiff placed the case on the calendar of the next term of court for Wa- seca county for trial. When the case was called, the court, on motion of defendant, struck it from the calendar and directed the files to be transmitted to Hennepin county on the ground that the venue had been changed. Plaintiff appeals.

It was error to strike the case from the calendar.

1. The demand for change of venue came too late.

The statute requires that it be made "within twenty days after the summons is served." G. S. 1913, § 7722. This application was not made until 37 days after summons served. A former statute pro- vided that the demand should be made "at any time before the time for answering" expired. G. S. 1878, c. 66, § 51, as amended by chapter 28, p. 147, Laws 1895, and chapter 345, p. 677, Laws 1903. The change to the present language was made in the 1905 Code (R. L. 1905, § 4096). We are asked to "construe" the present statute as meaning the same as the former one. The plain meaning of the language is not the same. The language of the present statute is so clear that there is no room for construction.

2. It is contended that the stipulation extending the time for answering *ipso facto* extended also the time for making demand for change of venue. We cannot so hold. There is simply no connec- tion between the making of an answer and the making of a demand for a change of venue, and a stipulation extending the time for one could not by any permissible construction extend the time for the other.

3. The fact that the time for making demand for change of venue had expired appeared affirmatively on the face of the record of the court. But the trial court held that, the affidavit for change of venue being regular on its face, the court could not go outside of it, even to the extent of examining its own record, to ascertain whether the demand was made in time. In this the court was in error. The court was not obliged to ignore its own record. On the contrary, it was under obligation to consult its record in order to determine whether defendant was entitled to have his motion granted.

Before a defendant can be heard to assert that the venue has been changed, he must present a record that shows him entitled to the change. The essentials are that, at the time of the commencement of the action, the defendant was a resident of a county of the state other than that in which the venue is laid, and that the demand is made seasonably and in due form.

The fact of residence is made to appear by the affidavit for a change of venue, and if the affidavit sets forth such fact and demand is seasonably made, the venue is *ipso facto* changed, and the truth of the affidavit can only be challenged in the court to which the venue is changed. State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960; State v. District Court of Pine County, 88 Minn. 95, 92 N. W. 518.

The time of service of the summons is no part of the matter required to be stated in the affidavit for change of venue (Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621), and it was not stated in the affidavit in this case. It usually appears, as it did in this case, from the return of service, upon the summons itself. But the venue is not changed unless the demand is made in time and that fact must be made to appear in some manner before the defendant can demand a transfer of the files. In this case the record shows beyond controversy that the application was not made in time. With the record in this condition the court is not obliged to honor defendant's demand for a change of venue, nor has the venue been changed. Potter v. Holmes, 72 Minn. 153, 75 N. W. 591.

This is in accord with the rulings of the Federal courts in the somewhat analogous case of removal of causes from state to Federal courts

on the ground of diverse citizenship, which removal is accomplished by filing a petition and bond in proper form. In such cases the rule is that the state court is not bound to surrender its jurisdiction until a record has been made which on its face shows that the petitioner has a right to the transfer, and the state court has a right to determine, subject to review on appeal, the question of law whether it appears on the face of the record, that is, the petition, the pleadings and the proceedings down to that time, that the petitioner is entitled to a removal of the suit. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. ed. 962; Burlington, C. R. & N. Ry. Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. ed. 1159; Madisonville Traction Co. v. St. Bernard Mining Co. 196 U. S. 239, 25 Sup. Ct. 251, 49 L. ed. 462; Chesapeake & O. Ry. Co. v. Cockrell, 232 U. S. 146, 34 Sup. Ct. 278, 58 L. ed. 544.

If we were to follow the rule adopted by the trial court we would place it in the power of a defendant to stop the progress of a cause at any time, by the mere filing of an affidavit that defendant resided in another county at the time of the commencement of the action, no matter what the stage of the case or the state of the record. Clearly this was not the purpose or proper meaning of the statute.

What may be the proper forum for determining a dispute as to whether a demand for change of venue is in fact made in time, we need not here determine. There is no dispute as to that fact in this case. The record shows affirmatively, and without dispute, that the demand came too late, and the trial court should have treated it as a nullity.

Order reversed and case remanded with directions to proceed in accordance with this opinion.