STATE EX REL. ARMOND D. BRATTLAND v. MUNICIPAL COURT OF ST. PAUL AND ANOTHER.[1]

February 3, 1939.

No. 32,028.

*Cahill & Denery,* for relator.
*Robert J. Tyrrell,* for respondents.

LORING, JUSTICE.

This matter comes here upon an order to show cause why a peremptory writ of *mandamus* should not be issued requiring the

[1]Reported in 283 N. W. 560.

municipal court of the city of St. Paul to transfer to the district court of Norman county the case of Antonio Anzivino against Armond D. Brattland, which was a suit of a transitory nature brought in the municipal court of the city of St. Paul. The defendant claims to be a resident of the city of Ada in Norman county. He has made seasonable demand for change of venue to the district court of that county. The municipal court refused to transfer the case.

2 Mason Minn. St. 1927, § 9219, provides:

"The foregoing provisions relating to venue shall apply to civil actions begun in the municipal courts, except that the application for such change shall be made after answering and before the time fixed for the trial of the cause; and upon a change of venue being effected in any such action, under either of §§ 9215-9218, the transfer shall be made to the district court of the proper county."

Section 9215 provides for a change of venue as a matter of right upon demand and affidavit of residence. It is the position of the respondent that the defendant in the municipal court case did not elect to proceed under § 9215 but that his papers indicate a procedure under § 9216, which provides for change of venue upon order of the court, first, upon written consent of the parties; second, when a defendant has been joined for the purpose of preventing a change of venue under § 9215; third, when an impartial trial cannot be had in the court where the action is pending; fourth, where the convenience of witnesses and the ends of justice would be promoted by the change.

Quite obviously the defendant's motion was based upon his claim of residence in Norman county. The affidavit stated no other ground for the motion nor any ground whatever under § 9216. In our opinion, the moving papers amounted to a demand for change of venue as of right under § 9215. The papers before us indicate that the practice in the municipal court of St. Paul has been to make such demands in the form of a motion to the court. This practice probably arose out of the provisions of L. 1889, c. 161, which provided for a change of venue by order of the court in such cases.

However, we are of the opinion that change of venue from the municipal court under the provisions of § 9215 should conform to the practice of the district court and that the defendant in the case below is entitled to a change of venue as a matter of right upon his demand, which was seasonably made. If cause for remand or change of venue on any of the grounds stated in § 9216 exists it must be presented by motion in the district court of Norman county. Peterson v. Carlson, 127 Minn. 324, 149 N. W. 536. Such being the case, a peremptory writ of *mandamus* will issue from this court requiring the transfer of the cause to the district court of Norman county.

So ordered.