# MURIEL F. LaBERE v. FLOYD PALMER AND ANOTHER.[1]

December 1, 1950.

No. 35,438.

*K. C. Weyl,* for relator Floyd Palmer.

*Hansen & Hazen,* for relator Clyde A. Briggs.

*William H. DeParcq,* for respondent.

---

[1]Reported in 44 N. W. (2d) 827.

Matson, Justice.

Application by defendants for a writ of mandamus to compel the district court to retain a personal injury action for trial in Carlton county.

Plaintiff brought this action in Ramsey county to recover damages for personal injuries arising out of a collision in Carlton county between the automobiles of defendant Floyd Palmer, who is a resident of Carlton county, and defendant Clyde A. Briggs, who is a resident of Ramsey county. Upon the united demand of both defendants for a change of venue pursuant to M. S. A. 542.10, all papers in the action were transferred to Carlton county. Shortly thereafter, upon motion of plaintiff, the Carlton county district court remanded the action to Ramsey county on the ground that the venue is controlled by § 542.095 and not by § 542.10. Upon an alternative writ of mandamus commanding the Carlton county district court to show cause why it should not retain the action for trial, the matter comes before this court for review.

The sole issue is whether the venue herein is controlled by § 542.095 or § 542.10. Prior to 1939, there was no special venue statute for automobile cases, and under § 542.10 a majority of the defendants, residing in different counties, could unite in demanding a change of venue to the county of any one of them. By L. 1939, c. 148, § 1, the legislature enacted what is now § 542.095 as follows:

"An action against the owner, driver, or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management, and control of such motor vehicle may be brought in the county where the action arose *or in the county of the residence of the defendant or a majority of the defendants* against whom the action is brought and when so brought the venue of the action shall not be changed without the written consent of the plaintiff filed with the court or unless changed by order of the court pursuant to section 542.11." (Italics supplied.)

Said act (§ 2) further provided that its provisions should supersede, modify, or amend any inconsistent existing statutory provisions. Its title was as follows:

"An act fixing venue of cases arising out of the negligent management, operation and control of motor vehicles, *in certain cases.*" (Italics supplied.)

Was § 542.095 intended to control the venue of all motor vehicle negligence cases? If not, what is the scope of its application? It may be conceded that it is a remedial statute and should be liberally construed *insofar as its terms, as applied to a given case, are not clear and free from ambiguity.* Where a remedial statute is not free from ambiguity in its application to a particular state of facts, a liberal construction should be adopted in order to give effect to the legislative intent; but the same statute as applied to another state of facts may be so free from ambiguity in its application that its plain and explicit terms are not subject to construction. Construction belongs wholly to the domain of ambiguity. In Blankholm v. Fearing, 222 Minn. 51, 22 N. W. (2d) 853, wherein it was obvious that the legislature did not intend the absurd result that this statute should be applicable only to a surviving tortfeasor and not to a representative of a deceased tortfeasor, a rule of liberal construction was properly applied to inexplicit language. In the instant case, however, the legislature has, in a clear and lucid manner, specifically limited plaintiff's right to determine by the commencement of his action where his suit shall be tried—subject to change by order of the court pursuant to § 542.11. Plaintiff's right to control the venue of his action is specifically limited to the case where he commences the action in the county where the collision occurred, or where he commences his suit in the county of the defendant's (singular) residence, or in the county where a majority of the defendants reside. Plaintiff's right, *where his original selection of venue is based on residence* pursuant to § 542.095, is limited to those cases where there is only one defendant, or where a majority or all of the defendants actually reside in a single county. The statute does not purport to deal in any manner with those cases where there are several defendants and a majority of them do not have a common county of residence. That the legislature

did not intend the act to apply to all automobile negligence cases is clear from the explicit language of the body of the statute and also from the wording of its title. Its title refers to the fixing of the venue of automobile negligence actions "in certain cases." Why were the words "in certain cases" used if a restricted application was not intended? Although the title is not definite as to the extent of the restriction, it is sufficiently explicit to herald and to confirm the deliberate use of the language of express limitation which followed. Although the title of an act is not of decisive significance and may not be used to vary the plain import of a statute's explicit language within the scope of the title, it may be considered in aid of its construction, or, *as here,* to confirm that the legislative use of certain definitive language was purposeful and deliberate. Hayden v. Lamberton, 100 Minn. 384, 111 N. W. 278; State v. Armour & Co. 118 Minn. 128, 136 N. W. 565; Underhill v. State, 208 Minn. 498, 294 N. W. 643; 6 Dunnell, Dig. & Supp. § 8964. As to restrictive titles, see 6 Dunnell, Dig. & Supp. § 8909.

In ascribing to the legislature an intent in keeping with the plain import of the statutory language, we cannot say that the resulting limitations are absurd. In limiting the application of § 542.095, the line had to be drawn somewhere, and where it should be drawn was for the legislature. There is no more justification, under the guise of a so-called liberal construction, for stretching the plain statutory limitations to cover the situation where each of two defendants resides in a different county than to cover a situation where three or more defendants are residents of as many different counties. It follows that § 542.095 has no application in the instant case. If there be any injustice in the transfer of the case to Carlton county pursuant to § 542.10, plaintiff may seek relief under § 542.11.

Peremptory writ granted.