## RUST-PARKER GROCERY COMPANY v. HARRY SWANSON AND ANOTHER.[1]

November 5, 1954.

No. 36,512.

*Cavan O'Neill,* for relator.
*Joseph W. Ryan,* for respondent Harry Swanson.
*Paul M. Shaw,* for respondent G. A. Durkee.

FRANK T. GALLAGHER, JUSTICE.

Relator seeks a peremptory writ of mandamus to remand an action to St. Louis county.

Relator commenced an action in St. Louis county against two defendants, both of whom resided in Cass county, service being made on defendant Harry Swanson on February 10, 1954, and on defendant G. A. Durkee on February 11, 1954. On February 24, 1954, Swanson alone served an affidavit and demand for change of venue. The affidavit and demand were filed on February 27, 1954, with the clerk of the district court of St. Louis county, who there-

[1]Reported in 66 N. W. (2d) 756.

upon forwarded the files to the clerk of the district court for Cass county. Relator then moved the district court of Cass county to remand the proceedings to St. Louis county on the ground that the case was improperly removed therefrom. The motion was denied, and relator now seeks a peremptory writ of mandamus compelling the district court of Cass county to remand the action to St. Louis county on the ground that it was improperly removed therefrom.

The statutes with which we are here concerned are M. S. A. 542.09 and 542.10. As far as is pertinent to a decision of this matter, § 542.09 reads:

"All actions * * * shall be tried in a county in which one or more of the defendants reside when the action is begun."

Section 542.10 reads:

"If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. This demand and affidavit, with proof of service thereof upon the plaintiff's attorney, shall be filed with the clerk in the county where the action was begun within 30 days from the date of its service and thereupon the place of trial shall be changed to the county where the defendant resides without any other proceedings. If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county-seat is nearest."

The issue to be decided is whether a demand made by one of two defendants, both of whom reside in the same county, is effectual without the other joining in the demand. The position of relator is that the attempt made by defendant Swanson alone to change the venue was of no effect, citing State ex rel. Johnson v. District Court,

187 Minn. 287, 289, 290, 245 N. W. 431, 432. Relator quotes the following language from that case:

"* * * The statute does not permit one of two or more defendants alone to change the venue.

\* \* \* \* \*

"We reach the conclusion that under our statute the fact that none of the defendants live in the county wherein the action is commenced is immaterial, and that before the demandant can prevail he must have the majority with him."

While this language is quite broad, the court in that case was confronted with a situation in which the defendants lived in different counties and its reasoning was based upon the problem which would be created if each defendant in such a situation had the right separately to have the venue changed. As the court said in that case (187 Minn. 289, 245 N. W. 432):

"* * * To hold that the relator could change the venue alone would lead to confusion and complications. * * * There may be several defendants, and if one had such right, each of them would; but obviously each could not prevail."

This reasoning does not apply to the case at bar where both defendants live in the same county. Here, upon affidavit and demand, the action could be moved only to Cass county, even if each did move separately. Therefore, it is our opinion that § 542.10 requires only that a majority of defendants join in the demand for a change of venue where the defendants reside in different counties, and, where all defendants live in the same county, any one of them has the right to have the action removed to the county in which they reside.

Order to show cause discharged.