## JOHN MISGEN v. ALBERT M. HERDA AND ANOTHER.

108 N. W. (2d) 624.

April 14, 1961—No. 38,393.

*Harlan L. Nelson* and *Alexander & Nelson,* for relators.
*Moonan & Senn,* for respondent.

KNUTSON, JUSTICE.

This is a writ of mandamus to review an order of the District Court of Waseca County refusing to compel the clerk of said court to transfer the papers involved in the action pursuant to an alleged demand for change of venue.

The action was commenced on November 12, 1960, to recover damages for an alleged breach of a stipulation or agreement entered into in an action pending in Waseca County under which defendants agreed to make certain repairs and deliver a trailer to plaintiff in either Steele or Ramsey County.

On November 18, 1960, defendants, by their attorney, served and filed a demand for a change of venue from Waseca County to Hennepin County. In an affidavit signed by defendants' attorney in support of the demand for a change of venue, it is alleged that defendant Albert M. Herda, upon the date of service of the summons and for a long time prior thereto, had continuously been an actual resident of Henne-

pin County and "that neither of the defendants herein are residents of Waseca County." The place of residence of defendant Herda Alaska Truck Lines is not stated in the affidavit.

Plaintiff objected to the change of venue, and the clerk refused to transmit the papers to Hennepin County. The court denied defendants' motion to compel the clerk to so transmit the papers. We issued our alternative writ of mandamus and order to show cause why the clerk of court should not be compelled to transmit the file to Hennepin County.

The demand is made under Minn. St. 1957, § 542.10. It is the contention of plaintiff that a part of the cause of action arose in Waseca County and, therefore, that defendants do not have a right to a change of venue as a matter of right since the amendment of Minn. St. 542.09. Section 542.09, as far as material, reads:

"All actions not enumerated in sections 542.02 to 542.08 and section 542.095 shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose."

Section 542.10, as far as material, reads:

"If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. * * * If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county-seat is nearest."

The statute, obviously, is far from clear and has given rise to much difficulty. Our decisions likewise are difficult to reconcile. It now appears from the decisions construing this statute that where multiple defendants reside in different counties the majority of them may demand a change to a county of their choice, even though the action is

brought in a proper county. Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415. This is true even though the cause of action arose in the county in which the action was commenced. Donovan v. Dixon, 257 Minn. 4, 99 N. W. (2d) 783.

Where multiple defendants reside in the same county, any one of them may demand a change of venue to the county of their residence without the others joining, at least if the action is brought in an improper county. Rust-Parker Grocery Co. v. Swanson, 243 Minn. 156, 66 N. W. (2d) 756.[1] However, where the action is commenced in a county in which part of the cause of action arose, and there are multiple defendants all residing in another county, they may not procure a change of venue as a matter of right. Anderson v. Farmers Mutual Auto. Ins. Co. 259 Minn. 118, 106 N. W. (2d) 369.[2]

The right to a change of venue is based on statute, and there must be compliance with the statute before the change becomes effective. Upon the filing of a proper demand and affidavit and proof of service thereof within the time required by statute, the venue is ipso facto changed to the county of the demand,[3] and if the averments of the affidavit are to be traversed it must be done in the county to which the venue is changed. These principles have been firmly established. In Peterson v. Carlson, 127 Minn. 324, 326, 149 N. W. 536, 537, we said:

"Before a defendant can be heard to assert that the venue has been changed, he must present a record that shows him entitled to the change. The essentials are that, at the time of the commencement of the action, the defendant was a resident of a county of the state other than that in which the venue is laid, and that the demand is made seasonably and in due form.

"The fact of residence is made to appear by the affidavit for a change

---

[1]This case was decided in 1954 prior to the amendment of § 542.09. It is doubtful if the result reached would follow now if part of the cause of action arose in the county in which the action was commenced.

[2]The anomalous situation created by the amendment of § 542.09 is pointed out in the concurring opinion in the Anderson case.

[3]Dworsky v. Herbst, 254 Minn. 295, 95 N. W. (2d) 19.

of venue, and if the affidavit sets forth such fact and demand is seasonably made, the venue is *ipso facto* changed, and the truth of the affidavit can only be challenged in the court to which the venue is changed. State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960; State v. District Court of Pine County, 88 Minn. 95, 92 N. W. 518."

Section 542.10 provides that a demand by a single defendant must be accompanied by an affidavit setting forth the county of his residence at the time of the commencement of the action. The statute is silent as to what, if any, affidavit must accompany a demand where there are multiple defendants. It is the claim of defendants here that it is sufficient to show the residence of one of the defendants and to show that the others do not reside in Waseca County. Plaintiff contends that it is necessary to show that multiple defendants reside in different counties.

It seems clear that the statute contemplates that the right to a change of venue shall appear from the affidavits and the demand itself.[4] The only way that the clerk can ascertain whether the demand is in proper form is from the papers filed. We think that it would be illogical to hold that the place of residence of a single defendant must appear from the affidavit but that the place of residence of multiple defendants need not so appear. In view of the inconsistent difference between the rights of multiple defendants residing in different counties and those residing in the same county, the clerk would have no way of knowing whether the demand entitles the defendants to the requested change other than from the affidavit. We therefore think that it is necessary that the affidavit accompanying the demand show the residence of all multiple defendants before it can be said that a proper demand has been filed.[5] Inasmuch as the affidavit in this case failed to comply with this requirement, it was insufficient to procure a change as a matter

[4]Peterson v. Carlson, 127 Minn. 324, 149 N. W. 536.

[5]Inasmuch as a corporate defendant may have a residence in more than one county, it is also desirable that it be shown that it has no residence in the county in which the action is brought. See, State ex rel. McClellan Paper Co. v. District Court, 199 Minn. 607, 273 N. W. 88.

of right. After the time permitted for such demand, the only alternative defendants have is to move the court for a change of venue upon grounds provided by other statutory provisions.

In view of our decision on this point, it is not necessary to determine whether a part of the cause of action arose in Waseca County.

Since this opinion was written, § 542.10 has been amended by our legislature. L. 1961, c. 13. The decision is based on the law as it existed at the time the acts took place.

The alternative writ should be and is discharged.

MR. JUSTICE OTIS, not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.