## FRANCIS JUMER AND ANOTHER v. C. W. TRUESDALE AND OTHERS.

117 N. W. (2d) 743.

October 19, 1962—Nos. 38,768, 38,769.

*Richards, Montgomery, Cobb & Bassford,* for relator Truesdale.
*Carroll, Thorson, Anderson & Cronan,* for relator Harpel Bros.
*Donald O. Comer,* for relator Bongaards.
*Robert G. Johnson* and *Hubert G. Smith,* for respondents.

NELSON, JUSTICE.

Two alternative writs of mandamus were issued out of this court directing the judges of the McLeod County District Court to show cause why it should not transfer the venue of certain proceedings from said district court to Carver County District Court and why a peremptory writ should not issue.

On January 3, 1961, plaintiffs, Francis Jumer and Daniel Sullivan, passengers in a vehicle owned by defendant Harpel Bros., Inc., and driven by defendant C. W. Truesdale, allegedly sustained injuries as a result of a collision between the vehicle in which they were passengers and one owned by defendant Bongaards Co-op Creamery Association and driven by one of its employees.

Plaintiffs brought personal injury actions against the defendants in McLeod County. The accident occurred in Carver County. The defendants reside in different counties; C. W. Truesdale resides in McLeod County, as does Harpel Bros., Inc., and Bongaards Co-op Creamery Association is a resident of Carver County.

The defendants acting in concert served a demand for change of venue and filed said demand with the clerk of the McLeod County District Court. The clerk transferred all the papers filed in the action to Carver County pursuant to the demand. Upon plaintiffs' motion the trial court ordered the actions transferred from Carver County to McLeod County, whereupon defendants petitioned this court for mandamus.

It appears that at the time of their demand for change of venue the defendants Truesdale and Harpel Bros. did not file affidavits of residence. The clerk of court for McLeod County, however, in an affidavit executed subsequently, stated that he knew the residence of these

defendants at the time the demand was made. Defendant Bongaards Co-op Creamery Association filed its affidavit of residence with the clerk when defendants' demand was made but it did not negate its possible residence in McLeod County in that affidavit.

Affidavits were filed in the trial court by the attorney for plaintiffs stating that the actions were correctly brought in McLeod County; that in affidavits supporting the demand for change of venue defendants Harpel Bros. and Truesdale made no allegations as to their respective residences, which were McLeod County; that pursuant to Minn. St. 542.10[1] it was imperative that an affidavit for change of venue state the actual place of residence of the defendants at the time of the commencement of action; and that pursuant to Minn. St. 542.095[2] an action brought in the county of the residence of the defendant or a majority of defendants shall not be changed without the written consent of the plaintiff filed with the court; and that plaintiffs and their attorney have not, in fact, filed any written consent.

The trial court found that the venue was placed in McLeod County by the plaintiffs, that being the residence of the majority of the defendants; that upon demand by all defendants the venue was trans-

---

[1] § 542.10 provides in part: "If the county designated in the complaint is not the proper county, the action may notwithstanding be tried therein unless, within 20 days after the summons is served, the defendant demands in writing that it be tried in the proper county. This demand shall be accompanied by the affidavit of the defendant, or his agent or attorney, setting forth the county of his residence at the time of the commencement of the action. * * * If the county designated in the complaint is not the county in which the cause of action or some part thereof arose and if there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding or, if the numbers be equal, in that whose county seat is nearest."

[2] § 542.095 provides: "An action against the owner, driver, or operator of any motor vehicle arising out of and by reason of the negligent driving, operation, management, and control of such motor vehicle may be brought in the county where the action arose or in the county of the residence of the defendant or a majority of the defendants against whom the action is brought and when so brought the venue of the action shall not be changed without the written consent of the plaintiff filed with the court or unless changed by order of the court pursuant to section 542.11."

ferred to Carver County without the demand's being accompanied by an affidavit as to the residence of the defendants Truesdale and Harpel Bros. The court determined that since two of the three defendants have residence in McLeod County, and since the actions arose in Carver County, under § 542.095 plaintiffs had a choice as to venue and that they chose McLeod County. No claim has been made by the defendants that they obtained written consent to change the venue. The change was attempted by an asserted request or demand under § 542.10. The trial court concluded that the demands for change of venue were insufficient to comply with the statute.

In the case of LaBere v. Palmer, 232 Minn. 203, 205, 44 N. W. (2d) 827, 829, the court in construing § 542.09 said:

"* * * Plaintiff's right, *where his original selection of venue is based on residence* pursuant to § 542.095, is limited to those cases where there is only one defendant, or where a majority or all of the defendants actually reside in a single county."

We have not been directed to any decision of this court reversing or overruling the construction given in LaBere v. Palmer, *supra,* and it will be assumed to be the law. Therefore, § 542.095 is applicable here.

This court in Peterson v. Carlson, 127 Minn. 324, 326, 149 N. W. 536, 537, held that the demand for a change of venue, under a statute similar to § 542.10, must be made within 20 days after the summons is served and that if made after that time, it is too late, even though the time for answering has been extended and has not yet expired. This court there stated:

"Before a defendant can be heard to assert that the venue has been changed, he must present a record that shows him entitled to the change. The essentials are that, at the time of the commencement of the action, the defendant was a resident of a county of the state other than that in which the venue is laid, and that the demand is made seasonably and in due form.

"The fact of residence is made to appear by the affidavit for a change of venue, and if the affidavit sets forth such fact and demand is seasonably made, the venue is ipso facto changed, and the truth

of the affidavit can only be challenged in the court to which the venue is changed."

In Misgen v. Herda, 260 Minn. 66, 69, 108 N. W. (2d) 624, 626, this court held that a demand for a change of venue under Minn. St. 1957, § 542.10, by a majority of multiple defendants must be accompanied by an affidavit showing the residence of each defendant. The court said:

"It seems clear that the statute contemplates that the right to a change of venue shall appear from the affidavits and the demand itself. The only way that the clerk can ascertain whether the demand is in proper form is from the papers filed. We think that it would be illogical to hold that the place of residence of a single defendant must appear from the affidavit but that the place of residence of multiple defendants need not so appear. In view of the inconsistent difference between the rights of multiple defendants residing in different counties and those residing in the same county, the clerk would have no way of knowing whether the demand entitles the defendants to the requested change other than from the affidavit. We therefore think that it is necessary that the affidavit accompanying the demand show the residence of all multiple defendants before it can be said that a proper demand has been filed. Inasmuch as the affidavit in this case failed to comply with this requirement, it was insufficient to procure a change as a matter of right. After the time permitted for such demand, the only alternative defendants have is to move the court for a change of venue upon grounds provided by other statutory provisions."

The court cited Peterson v. Carlson, *supra,* and suggested by reference to State ex rel. McClellan Paper Co. v. District Court, 199 Minn. 607, 273 N. W. 88, that inasmuch as a corporate defendant may have a residence in more than one county it is also desirable that it be shown that it has no residence in the county in which the action is brought.

It is our view that under the foregoing decisions there was a failure on the part of the defendants to comply with the requirements of either § 542.095 or § 542.10.

Writs discharged.