## JESSIE B. FISHER *vs.* ANTOINE BOUISSON.

Opinion filed December 28th, 1893.

**Foreclosure of Mortgage by Assignee—Allegations in Complaint.**

> An allegation that a mortgage has been assigned to plaintiff, coupled with an averment that plaintiff is the holder and owner of the notes secured by the mortgage, sufficiently shows title to the notes, as well as mortgage, in the plaintiff, although the notes and mortgage appear to be payable to another person.

**Allegation of No Other Proceedings—Sufficiency.**

> A complaint, upon its face, must show whether any proceedings have been had at law, or otherwise, for the recovery of the debt secured by the mortgage. Such complaint must show that no other proceedings than those referred to therein have been had for such purpose. Therefore, *held*, that an averment that no other foreclosure proceedings had been instituted than proceedings to foreclose by advertisement which had been enjoined, is not a compliance with the statute, (§ 5434, Comp. Laws,) and the complaint is therefore vulnerable to demurrer.

Appeal from District Court, Ramsey County; *Morgan, J.*

Action by Jessie B. Fisher against Antoine Bouisson and others to foreclose a mortgage. From an order overruling a demurrer to the complaint, defendant appeals.

Reversed.

*John W. Maher*, for appellants.

*James F. O'Brien*, for respondent.

CORLISS, J. Plaintiff's complaint in an action brought to foreclose a mortgage on real property has been demurred to, on the ground that the complaint fails to state a cause of action. The demurrer has been overruled. The defendants appeal. The sufficiency of the complaint is assailed in three particulars. We will discuss them in their order. *First*, it is said that it does not appear that the principal sum secured by the mortgage was due when the suit was commenced The mortgage secure a principal note and several coupon interest notes. The principal note was made payable June 1, 1894, but it contains a provision that, if any interest shall remain unpaid 10 days after it becomes due, the principal and accrued interest shall, at the election of the holder

of the note, become due and collectible by suit or otherwise forthwith, or at any time thereafter, without further notice, as fully as though made payable on demand. At the time the suit was brought, the interest had been in default much more than 10 days, and the complaint contains an allegation that plaintiff elected, under the foregoing provision, to treat the whole sum as due. No demand was necessary. The contract declared that the whole sum in such a case should become due and collectible by suit, without further notice. In providing that it should become due as fully as though payable on demand, there was no intention to require a demand before suit, thus overthrowing the explicit declaration in the same sentence that no other notice should be necessary. The construction of this clause is that the note in such contingency should become as fully due, at the election of the owner, as though no time of payment had been specified. It becomes a note payable immediately. The complaint, therefore, shows that the principal note was due before suit was brought, and no demand was necessary.

It is urged that the complaint is defective, in that it fails to show any title to the principal and interest notes in the plaintiff. The notes and mortgage were executed to the Farmer's Trust Company. There is no direct allegation that these notes, or any of them, have ever been assigned to plaintiff; but there are allegations in the complaint that the mortgage itself has been assigned, and, in addition, there are averments that the plaintiff is the holder and owner of the several notes. It is true that a mere assignment of the mortgage would not necessarily carry with it the notes; but we regard the averment of the transfer of the mortgage, in connection with the allegation that plaintiff is the holder and owner of the notes, as an averment of the assignment of the notes themselves to the plaintiff. Ownership is a fact. Averment of it in a complaint will admit of evidence to establish it. The court might, on motion, compel the plaintiff to be more specific as to the manner in which he obtained title to the notes. But on demurrer the complaint is good. *Brown* v. *Richardson*, 20 N. Y.

473; *Burrall* v. *Railroad Co.*, 75 N. Y. 211-218; *Treadway* v. *Wilder*, 8 Nev. 97; Bliss. Code Pl. § 233; 2 Jones, Mortg. § 1457; *Hays* v. *Lewis*, 17 Wis. 210; *Reeve* v. *Fraker*, 32 Wis. 243; *Foster* v. *Trowbridge*, (Minn.) 40 N. W. 255.

It is also insisted that the complaint fails to show whether any proceedings have been had at law, or otherwise for the recovery of the debt secured by the mortgage. Comp. Laws, § 5434. It is apparent from this and the following section that the complaint must show whether any proceedings to collect the debt have been instituted at any time, and if an action has been brought upon the debt, and judgment recovered, the plaintiff must show that execution has been issued and returned unsatisfied, in whole or in part, before he can maintain a suit to foreclose the mortgage given to secure the debt. The plaintiff must himself show that no proceedings have been had to collect the debt, or if they have been had, just what has been done in such proceedings; and, if it appears that these proceedings have resulted in a judgment upon which no execution has been issued, the foreclosure action must, under § 5436, be dismissed. The language of § 5434 is plain and peremptory: "In an action for the foreclosure or satisfaction of a mortgage, the complaint shall state whether any proceedings have been had at law, or otherwise, for the recovery of the debt secured by such mortgage, or any part thereof; and, if there has, whether any and what part thereof has been collected." The complaint in this action fails to state what proceedings have been had to collect the debt. It sets forth an attempt to foreclose the mortgage by advertisement, and the issuing of an injunction restraining such proceedings; but it nowhere appears that no other proceedings have been instituted to collect the debt. The pendency of several suits upon the principal and different coupon interest notes or the existence of a number of judgments upon such notes, would not be inconsistent with the allegations of the complaint. Plaintiff merely avers that he made an unsuccessful effort to foreclose by advertisement, and that no further steps were taken before the commencement of the action for the

foreclosure of the mortgage. Nothing is said as to whether anything had been done to collect the debt independently of foreclosure proceedings. It is this very fact which the statute requires to be stated in the complaint. The complaint is silent with reference to it. The statute is imperative. The complaint shall state "whether any proceedings have been at law, or otherwise, for the recovery of the debt secured by the mortgage, or any part thereof." We think that the failure of the plaintiff to comply with this requirement of the statute was fatal to his complaint, on demurrer, and the demurrer, therefore, should have been sustained. The order overruling the demurrer is reversed, and the District Court is directed to enter an order sustaining the demurrer. All concur.