STATE ex rel. THOMAS L. JONES and Another v. DISTRICT COURT OF HENNEPIN COUNTY and Others.[1]

May 20, 1904.

Nos. 13,827—(13).

**Change of Venue.**

> The clerk of the district court of the county in which an action in claim and delivery is brought for the recovery of personal property situated therein is not authorized by chapter 28, p. 147, Laws 1895, to transfer the files to the county in which defendant resides, based upon affidavits tending to show that the action was intended to be in trover and therefore transitory. The district court of the former county has sole jurisdiction to determine this question.

Application to the supreme court for a writ of mandamus requiring the district court for Hennepin county and the judges thereof to remand to Roseau county the case of Thomas L. Lawson and another against the Minnesota & Manitoba Railroad Company, previously removed to Hennepin county upon demand of defendant. Writ granted.

*H. Steenerson* and *Charles Loring,* for petitioners.

*Keith, Evans, Thompson & Fairchild* and *Hector Baxter,* for respondents.

DOUGLAS, J.

Order to show cause why a peremptory writ of mandamus shall not issue commanding the district court of Hennepin county, and the judges thereof, to remand the case of Thomas L. Jones and Thomas Lawson, copartners as Jones & Lawson, plaintiffs, against the Minnesota & Manitoba Railroad Company, defendant, to the district court of the county of Roseau.

From the complaint it appears the original action was in claim and delivery to recover from the defendant a large number of railroad ties alleged to have been owned by and in possession of the plaintiffs in Roseau county on March 26, 1900. The defendant in its answer tendered a general denial so far as this issue is concerned, and from the allegations and admissions in the pleadings it appears the plaintiffs are

[1] Reported in 99 N. W. 806.

copartners doing business in the county of Roseau, and that defendant is a corporation duly organized under the laws of the state of Minnesota, having its principal office in Hennepin county, and is the owner and lessor of a railroad now being maintained by its lessee, situated in the county of Roseau.

Before the time for answering expired, the defendant duly demanded that the place of trial be changed to Hennepin county, and served certain affidavits tending to show that the cross-ties described in plaintiffs' complaint had been used by certain independent contractors in the construction of the roadbed of said railway company, and also tending to show that it is not the purpose of plaintiffs to recover the said cross-ties, but in truth the action was designed to recover the value thereof; also that the form of the action was made in claim and delivery for the purpose of fixing the place of trial in Roseau county. This was strongly denied by counter affidavits filed on behalf of plaintiffs. The clerk of the district court of Roseau county, at the request of the defendant, and against the objection of plaintiffs, transferred all the files in the case, including complaint and affidavits, to the clerk of the district court of Hennepin county, who, upon demand, refused to return the same. Thereupon plaintiffs secured an order from the district court to show cause why said action should not be remanded. The matter may fairly be treated as an application to the court to direct a return of the files. Upon hearing thereof, said order to show cause was discharged.

Petitioners assume said order is not reviewable on appeal, upon the authority of Carpenter v. Comfort, 22 Minn. 539, distinguishing Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415, and Grimes v. Ericson, supra, page 164, and call our attention to the case of State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960, in which it was held that mandamus from this court is the only remedy preserved to a party litigant to review the decision of the district court in a like proceeding, except, possibly, after a trial of the principal issue.

Chapter 28, p. 147, Laws 1895, which amends section 5188, G. S. 1894, was not designed to amend section 5185, G. S. 1894, in so far as it provides that actions in claim and delivery for personal property wrongfully taken may be brought and maintained in the county where the wrongful taking occurred or the plaintiff resides. Chadbourne

v. Reed, supra. Where it appears, upon the face of the complaint and affidavit, that the action is in claim and delivery for the recovery of personal property wrongfully taken from the possession of the plaintiffs and situated in the county in which the action is brought, we are of the opinion the clerk is without authority to transfer the files or the cause to another county. If the statute be so construed as to vest in the clerk the power to look beyond the complaint and exercise his discretion in determining whether the action was local or transitory, it would be equivalent to deciding that he is vested with judicial functions. If, however, as suggested by counsel for defendant, the action is in fact in trover, and was brought in this particular form for the sole purpose of avoiding a change of venue to the county of defendant's residence, the court of the county in which it was brought would have the power, and it would be its plain duty, to look beyond the complaint, determine the fact, and order a transfer of the cause to the proper county.

Counsel are in error in assuming the question at bar was decided in State v. District Court of Chippewa County, 85 Minn. 283, 88 N. W. 755. In that cause the application for an order to change the place of trial was addressed to the court sitting in the county in which the venue was originally laid. It follows the district court of Hennepin county has not acquired jurisdiction, and that the district court of Roseau county has sole authority to determine the issue here presented.

Let the peremptory writ of mandamus issue as prayed.

START, C. J., and LEWIS, J., dissenting.

We dissent. We need not stop to consider whether the ministerial act of the clerk of the district court of the county of Roseau in transferring the papers and files in the action to the district court of the county of Hennepin was technically correct or not. No act or nonaction of the clerk can affect a change of the place of trial of an action. Whether the place of trial is changed in a particular case depends upon the statute and the action of the defendant.

Now in this case defendant took such action that, as it claims, the place of trial was changed, and at its request the papers and files were sent to the district court of the county of Hennepin. Thereupon the plaintiffs appeared in the district court of the county of Hennepin and

moved that court to remand the action to the county of Roseau, "from which said county it was removed." After a full hearing and consideration of the motion, neither party making any claim that the court was without jurisdiction in the premises, the court denied the motion, on the ground that the action was in fact solely one for the conversion of personal property, and that the complaint was cast in the form of a complaint in an action for claim and delivery for the purpose of preventing a trial in the county of the defendant's residence. The record fully sustains this conclusion. Such being the facts, the court could not do otherwise than to deny the motion to remand the action to the county from which it was removed.

Substantial justice has been done in this case, for the law and the facts require that it should be tried in the county of Hennepin. Whether the motion was technically made in the wrong county is not material, for all parties by their conduct consented that the motion should be heard in the county in which the plaintiffs made the motion.