'ALMIRA B. HEALY v. SARAH J. MATHEWS.[1]

May 28, 1909.

Nos. 16,229—(145).

**Venue — Additional Party Defendant.**

> Where the venue of an action is properly laid in the first instance, a third person thereafter substituted as defendant in the place of the defendant originally named is not entitled, as a matter of legal right, to a change of the place of trial by complying with the provisions of section 4096, R. L. 1905.

[1]Reported in 121 N. W. 428.

Change of Venue.

> The filing and service of an affidavit and demand for a change by the substituted defendant do not, as in the case where the venue is not originally laid in the proper county, operate ipso facto to change the venue.

Action in the district court for Hennepin county against the Northwestern Mutual Life Insurance Company to recover $2,015.50 upon an insurance policy upon the life of Samuel F. Mathews. Sarah J. Mathews was substituted as defendant in the action and the amount of the policy was deposited by the insurance company in trust for the parties to the litigation, to be paid to such party as the order of the court should designate. The subsequent proceedings are narrated in the opinion. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*Robert Mee* and *Wilson & Mercer,* for appellant.

*Kingman, Crosby & Wallace,* for respondent.

BROWN, J.

In his lifetime Samuel F. Mathews procured to be issued a policy of life insurance, payable to plaintiff in this action, who was then his wife. Thereafter plaintiff obtained a divorce, and Mathews married defendant herein. No change in the name of the beneficiary was ever effected, and it remained, until the death of Mathews, payable to plaintiff by name. She thereafter brought this action against the insurance company to recover thereon. The second Mrs. Mathews, the present defendant, having made claim to the money as the wife of Mathews at the time of his death, was, on application of the insurance company, substituted in its place as party defendant; the company at the same time paying the money into court, to be disposed of as the rights of the contending parties should appear.

The action was brought in, and the order of the substitution was made by, the district court of Hennepin county. Upon service of the order of substitution, which granted the substituted defendant time in which to answer, and before the expiration of the time thereby fixed, she demanded a change of venue to Rice county, where she re-

sided, under section 4096, R. L. 1905, and subsequently filed and served an answer, setting forth therein her asserted right to the money due on the policy. Plaintiff ignored the demand for the change of venue and noticed the cause for trial in Hennepin county. Defendant appeared at the trial and moved to strike the case from the calendar, on the ground and for the reason that the service of the demand for a change of venue operated ipso facto to change the place of trial to Rice county, and that the district court of Hennepin county had no further jurisdiction thereof. The court overruled the motion and proceeded with the trial and at the conclusion thereof ordered judgment for the plaintiff. Judgment was thereafter entered accordingly, and defendant appealed.

The trial court correctly disposed of the question. The action was originally brought against the insurance company as sole defendant, and the present defendant, being a claimant to the money due under the policy, was brought into the action as defendant on its application. The venue of the action, the sole defendant being a foreign corporation, was properly laid in Hennepin county. Section 4096, R. L. 1905. Such being the case, section 4096, providing for a change of venue without application to the court where the action is not brought in the proper county, has no application. State v. District Court of Hennepin County, 92 Minn. 205, 99 N. W. 806; State v. District Court of Wright County, 92 Minn. 402, 100 N. W. 2. The affidavit of residence of the substituted defendant and her demand for a change of venue did not, therefore, ipso facto effect a change. A change could only be brought about by application made under section 4097.

Judgment affirmed.