(122 N. W. 997.)

---

### HATTIE M. VIETS v. L. SILVER AND MAX BRODKY.

Opinion filed April 12, 1910.

**Change of Venue — Place of Trial Determined from Pleadings.**

1. In determining his rights with reference to the place of trial of a civil action, in accordance with the provisions of chapter 6, Code Civ, Proc., a defendant is not required to examine critically and with technical exactness the complaint; but may assume that the character of the action is such as it purports upon the face of the complaint to be, and plaintiff who has deliberately chosen the form and substance of his pleading cannot be heard to claim that the character of the action through deficiency in certain material allegations is other than on the face of the complaint it appears to be.

**Change of Venue — Location of Land in Controversy — Nature of Action.**

2. An action in which the complaint upon its face states a cause of action for the foreclosure of a mortgage against real property must, on proper and timely demand of the defendant, be tried in the county in which the real property is situated; and a motion to change the place of trial to such county will be sustained, regardless of the fact that a critical examination of the complaint may reveal that it does not contain allegations sufficient to state a cause of action for foreclosure of a mortgage, and merely such as will constitute a cause of action for the recovery of money only.

**Change of Venue — Place of Trial — Hearing.**

3. As a motion for change of place of trial must from its nature be determined before trial and often before issue in the action,

a district court in acting on such motion may assume that the character of the action is such as the complaint purports to state and refuse to examine the same as it would upon trial of issue presented by a general demurrer to the complaint for the purpose of determining the exact character of the cause of action stated.

Appeal from District Court, Richland County; *Pollock,* Spec. J.

Action by Hattie M. Viets against L. Silver and another. From a judgment changing the place of trial. Plaintiff appeals.

Affirmed.

*Purcell & Divet* for Appellant.

No brief by Respondent.

ELLSWORTH, J.   The complaint of plaintiff alleges, in substance, that in the month of August, 1903, the plaintiff was the owner and in possession of a certain tract of land particularly described in Logan county, N. D.; that on or about the 29th day of August, 1903, plaintiff sold to the defendants the said described land at the agreed price of $1,400, no part of which has ever been paid except the sum of $400; that on said day plaintiff made and delivered to defendants a warranty deed of said land; that on the same day defendants as evidence of their indebtedness to plaintiff, for the unpaid balance of the purchase price of said land, made and delivered to plaintiff a promissory note for the sum of $1,000 with interest at the rate of 6 per cent. per annum for two years from date and 8 per cent. per annum thereafter until paid; that on the same day, for the purpose of securing the indebtedness aforesaid of defendants to plaintiff, defendants made, executed, and delivered to plaintiff an instrument in writing, whereby they mortgaged to plaintiff the said land in question, which mortgage provided that, upon failure of the defendants to pay when due the said sum of $1,000, the said mortgage might be foreclosed, and the said premises sold for the satisfaction of said indebtedness, that no part of said indebtedness has ever been paid and that the entire sum of $1,000 with interest as described in said promissory note, is due and payable. The prayer for relief is in these words: "The plaintiff demands judgment against the defendants for the sum of $1,000, and interest as hereinbefore stated, and for the foreclosure of the said mortgage and the sale of said premises to satisfy the indebetedness aforesaid, together with the costs and disbursements of the plaintiff, and any other and further relief the plaintiff may be entitled to." A summons, designating in its margin the county of Richland as the venue of the action, was issued, and with the complaint was served

on the defendant Brodky outside the state on July 23, 1908. No other service was ever made or attempted. It is undisputed that at this time both of the defendants were nonresidents of the state of North Dakota, and, so far as the record shows, neither had any property therein. An affidavit evidently intended as the basis for service by publication of summons was issued by plaintiff's attorney and filed with the complaint on July 16, 1908. This affidavit does not contain an allegation of any of the statutory grounds authorizing service by publication of summons as provided by the last five subdivisions of section 6840. Rev. Codes 1905; and, unless it can be said that such grounds are supplied by the allegations of the complaint, the affidavit is plainly insufficient to authorize service of summons by publication.

On September 8, 1908, the defendants appeared jointly by counsel, and made demand in writing that the place of trial of the action be changed from the county of Richland in the Fourth judicial district of the state of North Dakota to the county of Logan, in the Fifth judicial district of said state, and with such demand served an affidavit of defendant's counsel, alleging as a reason for such demand that the real property mentioned in the complaint and on which plaintiff seeks to foreclose the mortgage referred to is situated in the county of Logan, in the Fifth judicial district of the state. This demand was followed by a motion to change the place of trial of said action, which was heard before the district court on September 14, 1908, and an order made changing the venue from Richland to Logan county. On September 16, 1908, defendants served a joint answer containing a general denial of the allegations of the complaint. Plaintiff appeals from the order of the district court changing the venue from Richland to Logan county, alleging as error that such action was unwarranted by the facts presented upon defendants' application for such change. It is apparent that, if the action is one for the foreclosure of a mortgage of real property, it must on proper and timely demand of the defendants, be tried in the county in which the real property is situated. Section 6827, Rev. Codes 1905. On the other hand, if it is simply a personal action for the recovery of money only, the defendants being nonresidents, it may be tried in any county of the state which plaintiff may see fit to designate in the summons. Section 6829, Rev. Codes 1905.

It will be observed that the complaint in this action alleges the execution and delivery of a mortgage containing a power of sale, and that the relief prayed for is the foreclosure of and sale of the premises described, and any other and further relief the plaintiff may be entitled to. Plaintiff directs the attention of this court, however, to the fact that the complaint is deficient in certain allegations necessary to the statement of a cause of action for foreclosure of a mortgage, and that without amendment of the complaint such foreclosure cannot be decreed by the district court. The deficiencies mentioned consist in the omission from the complaint of any allegation that the attorneys instituting the action hold a power of attorney authorizing them to foreclose; and that no proceedings have been had at law or otherwise for the recovery of the indebtedness described in the mortgage. Rev. Codes 1905, sections 7455, 7485; Fisher v. Bouisson, 3 N. D. 493, 57 N. W. 505. At the hearing upon the motion for change of place of trial in the district court plaintiff's counsel introduced an affidavit to the effect that "this action is not brought for the purpose of foreclosing the mortgage as is contended for by defendants, but for the purpose of recovering money only, and that the plaintiff does not intend to, and · will not, make any application to amend the complaint herein, to state a cause of action in foreclosure, and this affidavit is made and filed for the purpose of estopping the plaintiff of record from hereafter making such application to amend." Plaintiff contends that upon the complaint as served together with the affidavit above quoted from, which effectually forestalls any attempt to amend upon the trial, the action can be regarded as one for the recovery of money only which may be brought and tried against these defendants in any county in the state designated in the summons.

The point presented is not by any means clear or free from doubt. This court in its consideration of the same is somewhat embarrassed by the fact that, while the plaintiff and appellant has filed a brief and is represented on this appeal by able counsel, the defendants, after service of their answer, have not seen fit to further appear or to assist this court in any manner in reaching a correct conclusion. There is therefore laid on this court the double duty of carefully investigating the merits of the points of exception presented by plaintiff, and, on the other hand, protecting the defendants from the results of any improvident or inconsiderate action when they do not manifest sufficient interest in the event

of this appeal to take any measures to protect themselves from such hazard. It is apparent that, if this action from its initiation is to be regarded as one for the recovery of money only, no jurisdiction whatever was conferred by the service made upon either of the defendants. Defendants might in perfect safety have disregarded the action entirely, and remained wholly unaffected in person or property by any judgment that the court might have rendered. It was only by means of allegations in the complaint to the effect that the action was brought to determine in some form a right or interest to real property in Logan county and for the foreclosure of a lien upon the same that jurisdiction of the subject-matter was conferred upon the district court and a right acquired to serve the summons by publication. It is inconceivable that plaintiff's counsel in bringing an action in this form mistakenly supposed that it was one for the recovery of money only, or that by the procedure adopted the court could acquire jurisdiction either of the subject-matter of the action or of the persons of the defendants. It therefore must be assumed that the deficiencies in the complaint came to the mind of plaintiff by an after-thought when defendants had by general appearance for the purpose of moving to change the place of trial in the action conferred upon the court jurisdiction of an action which he now contends is purely personal and transitory. The sufficiency of the complaint to constitute a cause of action either for the foreclosure of a mortgage or for the recovery of money only could be determined only upon the trial. The venue of the action must, however, necessarily be determined on motion made before the trial. It is obvious, therefore, that the determination of this motion must depend upon considerations other than a critical examination of the complaint. Upon the determination of such motion, the court cannot decide issues that might arise later upon demurrer or speculate upon the uncertainties of the trial or forecast the action that might be taken by the court, or by either party, with reference to striking out certain allegation of the complaint or allowing amendment by the introduction of others.

With these considerations in mind, we think it follows that the place of trial of the action must be determined upon the face of the complaint from a merely superficial survey of the character of the action that plaintiff had commenced. From the preliminary process of this action and inferences naturally and unavoidably arising from the incidents of its initiation, plaintiff could only have in-

tended to commence an action for the foreclosure of a mortgage. Defendants could not be required to examine the complaint with technical exactness for the purpose of determining whether or not it contained allegations sufficient to constitute a cause of action for foreclosure. In determining the attitude and character of their defense we think defendants might treat the action according to its form and general nature as one for the foreclosure of a mortgage. As their appearance was originally made only for the purpose of moving that the place of trial be removed to the county in which the land lay, we may assume that it was actuated by the purpose of preventing the foreclosure of the mortgage rather than of presenting a defense to a personal demand. If they were misled into an appearance they would not otherwise have made by the fact that the action appeared on its face to be of local character, plaintiff who deliberately prepared his complaint in this form will not be permitted to acquire any advantage by means of a misconception so induced. Until defendants can be placed in the same position that they were in prior to the time of their appearance for the purpose of moving to change the place of trial, plaintiff should not be heard to declare that his cause of action is other than it purports on its face to be. The application of this principle may result in constraining plaintiff to dismiss this action and bring another showing its character unmistakably on its face in response to which defendants may appear or not as they see fit; but we believe it is the rule most conducive to justice between the parties and under which the purpose of the statute fixing the place of trial is best effectuated.

The order of the district court changing the venue from Richland county to Logan county is therefore affirmed. All concur.