# HUBBARD MILLING COMPANY v. E. J. GROVER and Another.[1]

June 18, 1915.

Nos. 19,214—(129).

**Change of venue — form of action — duty of clerk.**

1. Where a demand is made for a change of venue of an action in replevin, upon the ground that the action is in fact an action in trover which has been put in the form of an action in replevin solely to avoid a change in venue, the clerk is governed by the form of the action and cannot transfer it to another county without an order of the court; but the court may look beyond the form of the pleadings and, if it finds the claim true, should grant the change.

**Finding of court.**

2. The ruling of the court upon this question has the same force and effect as its findings upon other questions of fact.

**Same — action in replevin to prevent change of venue.**

3. Before it can be held that the action was brought in replevin solely to avoid a change of venue, it must appear conclusively that damages for conversion of the property is the only remedy available therein. It does not so appear in the present case.

Action in the district court for Blue Earth county to recover possession of two carloads of flour or $1,980, the value thereof. Defendants' motion for change of venue was denied, Pfau, J. The case was tried before the same judge, who denied defendants' motion to dismiss the action, and a jury which returned a verdict for $1,305.25. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*E. J. Grover* and *R. A. Chinnock,* for appellants.

*C. J. Laurisch* and *A. R. Pfau, Jr.,* for respondent.

TAYLOR, C.

Plaintiff, a corporation engaged in the milling business in Blue

[1] Reported in 153 N. W. 266.

Earth county, brought this action in replevin, in that county, to recover two carloads of flour from defendants. Defendants, who are residents of Hennepin county, filed with the clerk of court of Blue Earth county a demand, supported by affidavits, for a change of venue from Blue Earth to Hennepin county, upon the ground that they were residents of the latter county, and that the action was in fact an action in trover, and was put in the form of an action in replevin solely for the purpose of preventing a change of venue from Blue Earth to Hennepin county. The clerk refused to transmit the files and papers to Hennepin county, and thereupon defendants made an application to the court for an order compelling him to do so, and changing the place of trial to that county. After a hearing, at which considerable evidence in the form of affidavits, records and files was presented by both sides, the court denied the application. The action came on for trial about two weeks later, and, at the opening of the trial, defendants objected to the introduction of any evidence, on the ground that the action was in trover and not triable in that court by reason of the demand which they had made for a change of venue. This objection was overruled and the trial proceeded and resulted in a verdict for plaintiff. Thereafter defendants made a motion for judgment notwithstanding the verdict, and in case that should be denied for a new trial. Both motions were denied and they appealed.

Defendants contend that they were entitled to have the action tried in Hennepin county, and whether the court erred in refusing to change the place of trial to that county is the only question presented to this court.

It is the general rule that lawsuits are to be tried in the county in which the defendants reside, and, if they are originally brought elsewhere, that the defendants may compel them to be transferred to that county. Among the exceptions to this rule, made by statute, is the action in replevin which is to be tried in the county in which the plaintiff resides, if the plaintiff so elects. Section 7718, G. S. 1913. If the present suit is in replevin the proper place of trial was in Blue Earth county; if it is in trover the proper place of trial was in Hennepin county. The complaint sets forth a cause of action

in replevin, and, upon the face of the pleadings, the suit is in replevin. The clerk is governed by the nature of the action as it appears upon the face of the pleadings, and consequently he correctly refused to transfer the files to Hennepin county without an order from the court; but the court has power to look beyond the form of the pleadings, and to determine whether the action is in fact in replevin or in trover, and, if the court finds that it is in fact an action in trover, and that putting it in the form of an action in replevin was a mere subterfuge to prevent a change of venue, it becomes the duty of the court to transfer the action to the proper county for the trial of an action in trover. State v. District Court of Hennepin County, 92 Minn. 205, 99 N. W. 806. But, in determining such question, the court passes upon a question of fact, and, when its ruling is brought before an appellate court for review, its finding as to such fact has the same force and effect as its findings upon other questions of fact. In other words the question now before this court is whether the decision of the trial court was so palpably against the weight of evidence that it cannot be sustained.

It should be borne in mind that the court made its ruling upon the evidence presented at the hearing, not upon that presented at the subsequent trial upon the merits; and that the question for determination is whether the ruling was justified by the facts before the court for consideration at the time it was made. On the record before it, the court properly and necessarily proceeded upon the theory that plaintiff was the owner of the property in controversy and entitled to maintain replevin for the possession thereof, unless it appeared conclusively that none of the property itself could be recovered in such action, and that no relief could be granted to plaintiff therein other than damages for conversion of the property. The record disclosed that the greater part of the flour had been sold and delivered to third parties; but, if we assume that it was beyond the power of defendants to return the flour so disposed of, yet there was still a portion of the flour, some 36 sacks, not accounted for. It did not appear at the hearing, at least not conclusively, that this flour could not be returned. Plaintiff had an absolute right to bring an action in replevin; and, unless the court could say, from

the evidence then before it, that plaintiff had no reasonable ground to believe that any of the flour could be recovered in such action, the court could not say that the action was put in that form solely for the purpose of evading a change of venue. The ruling of the court amounted to a finding that defendants had failed to prove that the action was put in the form of an action in replevin solely for the purpose of preventing a change of venue; and we cannot say that it was made to appear conclusively that the action was in fact an action in trover which had been put in the form of an action in replevin solely for the purpose of having the trial in Blue Earth county. It follows that the order appealed from must be and is affirmed.