STATE EX REL. FRANK TOMKA v. CHARLES S. JELLEY AND
OTHERS.[1]

October 27, 1916.

Nos. 20,202—(297).

**Mandamus — change of venue — transitory action.**
>   This is an action for damages for false and fraudulent representations
>   made to plaintiff by defendants as to certain lands sold by them to him.
>   The cause of action is transitory.

Upon the relation of Frank Tomka this court granted its writ of *man-damus*, directed to the judges of the Fourth judicial district and the clerk of the district court for Hennepin county, to review the action of Jelley, J., in denying plaintiff's motion to remand the action from Hennepin county to Becker county. Writ quashed.

*Christian G. Dosland* and *Victor Oleson*, for relator.

*H. L. Hoidale*, for respondents.

SCHALLER, J.

Plaintiff entered into a written agreement with the defendants to exchange lands owned by him situate in Nebraska for certain lands situate in Becker county, Minnesota. He agreed to pay $600 and to execute certain mortgages and notes for the excess in value of the Minnesota lands over those in Nebraska. He received a deed for the Minnesota lands, executed by one Day and one Wishard and their wives, made a cash payment of $600 and executed and delivered to defendants certain notes secured by three mortgages, one to Day, one to Wishard and one to the Capital Trust Company. He went into possession and occupation of the Minnesota land in January, 1915, and still occupies it.

Before the contract was entered into and before the deeds and mort-

[1]Reported in 159 N. W. 788.

Note.—The question of measure of damages for false and fraudulent representations in the exchange of real property, see comprehensive note in 38 L.R.A.(N.S.) 465.

gages were executed and delivered, defendants made certain material representations to plaintiff regarding the Minnesota land, its condition, quality and fertility. Plaintiff believed these representations and relied upon them. He subsequently discovered that the representations were false and fraudulent, endeavored to rescind, cancel and annul the transaction and offered to reconvey the Minnesota land. The defendants ignored his offer.

The above are the principal material allegations of the complaint. Plaintiff also alleges that he is willing to reconvey the Minnesota lands and that he has been damaged by reason of the false and fraudulent representations in the sum of $18,600, that sum being the value of his equity in the Nebraska land.

Plaintiff demands judgment against the defendants and each of them for the sum of $18,600, with interest at the rate of six per cent since the second day of June, 1914, the date of the agreement; that the court determine the ownership of the mortgages running to the Capital Trust Company, Wishard and Day as mortgagees, and, if said mortgages are found to belong to defendants, that they be enjoined from disposing of the same and the notes which they secure, and that such mortgages be declared null and void; that the deed conveying the Minnesota lands be declared null and void, and the record thereof canceled; that plaintiff have a specific lien on the Minnesota lands to secure the payment of the sum of $18,600, claimed as damages; ending with a prayer for other and further relief, and for costs and disbursements.

The action was brought in Becker county. Defendants who, at the time the action was brought, resided and still reside in Hennepin county, filed, in due form, a demand for change of venue. The action was thereupon transferred to Hennepin county. Plaintiff moved for a change of venue to the county of Becker, claiming that the action was local and not transitory. The motion was denied by the district court of Hennepin county. Plaintiff brings *mandamus*.

The result of this proceeding depends upon whether the plaintiff's action is local or transitory. If local, the case must be tried in Becker county; otherwise, in Hennepin county.

Plaintiff sets up as his damages the value of the equity in the Nebraska land. He apparently desires to disaffirm and cancel the Minnesota deeds

and the mortgages thereon, and asks that a specific lien be created in his favor and against the Minnesota lands for the sum which he seeks to recover. This, of course, is merely incidental, and in aid of the collection of a judgment, should he recover one. So is the prayer: That the deed to him be canceled; that the ownership of the mortgages be ascertained; and, if owned by defendants, that the same be canceled. But, Day, Wishard and the Capital Trust Company, named as mortgagees, are not made parties to this action, and their rights cannot be adjudicated herein. Concretely stated, this is an action for damages for false representations, which is a transitory action. The principal relief sought is damages in the sum of $18,600, for fraudulent representations. The other relief asked for is merely incidental to, and in aid of, the primary purpose of the action. State v. District Court of Clay County, 120 Minn. 99, 139 N. W. 135. The prayer of the petitioner must be denied and the writ quashed.