# STATE EX REL. J. ALBERT NELSON AND OTHERS v. DISTRICT COURT FOR COUNTY OF BECKER AND OTHERS.[2]

April 20, 1917.

Nos. 20,424—(19).

Transitory action — change of venue — writ of prohibition.

Writ of prohibition made permanent to restrain trial of case in county to which it had been removed. State v. Jelley, 134 Minn. 332, 159 N. W. 788, followed. [Reporter.]

[1]Reported in 162 N. W. 357.
[2]Reported in 162 N. W. 351.

Upon the relation of J. Albert Nelson, George W. Wishard and Ida L. Wishard, the supreme court granted its writ of prohibition directed to the district court for Becker county and each of the several judges of that court to prevent them from trying and determining an action in which Frank Tomka is plaintiff and relators are defendants. Writ made permanent.

*H. L. Hoidale* and *George E. Budd,* for relators.

*Christian G. Dosland* and *M. Victor Oleson,* for respondents.

PER CURIAM.

In State v. Jelley, 134 Minn. 332, 159 N. W. 788, we held that the cause of action stated in the complaint in the case of Frank Tomka v. J. Albert Nelson and W. F. Nelson was transitory, and denied the petition of plaintiff for a writ of *mandamus* commanding respondents to transmit and certify the case to Becker county. After this decision plaintiff dismissed his action, and commenced in Becker county the one involved here. He added as defendants Thomas C. Day and wife, and George W. Wishard and wife. On demand of defendants Nelson and Wishard, and affidavits showing that they resided in Hennepin county, the files in the action were transferred to that county. Plaintiff moved to remand the action to Becker county for trial, on the ground that it was local to that county under G. S. 1913, § 7715. This motion was granted and the files in the action transmitted to Becker county. Relators then commenced the present proceeding, causing a writ of prohibition to be issued by this court directed to the district court of Becker county, its judges and clerk, restraining further steps in the action. Respondents made return to the writ, asking a dismissal thereof, while relators ask to have the writ made permanent, and the case was presented to this court on briefs.

Respondents do not contend that prohibition is not the proper remedy, and we will assume that it is, without deciding the question.

The sole claim made by respondents and by plaintiff in the main action is that the action is local in its character, and properly triable in Becker county, while relators insist that it is a transitory action, to be tried where defendants reside, in Hennepin county, and therefore that the court of Becker county is without jurisdiction.

We do not think that plaintiff succeeded in his effort to frame a complaint that would take the case out of the decision on the former complaint. The object of the action, the real relief sought, is essentially the same as in the former case. The contention that the main relief asked is a cancelation of the deed to plaintiff of the Becker county land is not sound. This relief would avail plaintiff nothing. Indeed he hardly needs the aid of a court of equity to enable him to give back this land if he desires to do so. What he does need of the court is either a decree ordering a cancelation of his deed to the Nebraska land, or a judgment for damages for the alleged fraud. No

change in the verbiage of the complaint or prayer for relief can change the essential object of the action, which is clearly the same as it was in the former action.

The writ of prohibition is made permanent.