## STATE EX REL. CHARLES WILKINS AND ANOTHER v. J. A. TRYHOLM AND OTHERS.[1]

### March 8, 1918.

### No. 20,887.

**Change of venue — when foreign corporation is joined as defendant.**

1. In actions not made local by the provisions of sections 7715 to 7720, G. S. 1913, a resident defendant is not deprived of the right to have the place of trial changed to the county of his residence by joining a foreign corporation as a party defendant.

**Venue — action on bond of public contractor transitory — statute inapplicable.**

2. Actions upon the bonds of public contractors are not made local under the provisions of sections 8245 to 8249, G. S. 1913.

Upon the relation of Charles Wilkins and Royal Indemnity Company of New York, the supreme court granted its alternative writ of man-

[1] Reported in 166 N. W. 533.

damus commanding J. A. Tyrholm & Company and Honorable Arthur E. Childress, judge of the Fifth judicial district, in and for Waseca county and the clerk of that court, to transmit the files in an action between J. A. Tyrholm & Company, as plaintiffs, and relators, as defendants, to the clerk of the district court for Hennepin county and temporarily prohibiting the trial of the action in Waseca county or show cause why the writ of mandamus should not be made peremptory. Peremptory writ ordered.

*Laybourn & Cary,* for relators.

*Henry M. Gallagher,* for respondents.

PER CURIAM.

Upon the petition of relators an alternative writ of mandamus, issued out of this court, directed the judge and clerk of the district court of Waseca county to cause an action begun in said court, wherein J. A. Tyrholm & Company, is plaintiff and Charles Wilkins and the Royal Indemnity Company, the relators, are defendants, to be transferred for trial to the district court of Hennepin county, Minnesota, or show cause why it should not be done.

It is made to appear that Charles Wilkins now is and for many years has been a resident of Hennepin county. The Royal Indemnity Company is a New York corporation. The action brought against relators is for the recovery of $165 alleged to be due for material and labor furnished by said J. A. Tyrholm & Company, in installing, at the request of said Wilkins, an engine in a public school building erected by Wilkins under a contract with a school district in Waseca county. The complaint alleges that Charles Wilkins as principal and the Royal Indemnity Company as surety had executed to the school district the bond demanded by section 8245, G. S. 1913, to secure the performance of the contract, as provided by its terms and the statute mentioned. Within 20 days after the service of the summons Wilkins made proper demand for a change to venue to Hennepin county, and both defendants, also within said time, made a joint demand for such change. The requests were refused.

The refusal is sought to be justified under sections 7720, 7721 and 8245-8249, G. S. 1913.

The action is not for recovery of wages or money due for manual labor so as to come under said section 7720, providing that the venue in suits for the recovery of money so earned shall be brought in the county where the labor was performed.

Section 7721 provides that actions not covered by sections "7715-7720 shall be tried in a county in which one or more of the defendants reside when the action was begun. If none of the parties shall reside or be found in the state, or the defendant be a foreign corporation, the action may be begun and tried in any county which the plaintiff shall designate." The following section (7722) gives the defendant the right to demand a change of venue when an action is not brought in the proper county under the rules laid down in the preceding sections above referred to.

In view of the fact that it is the policy of our law to accord a resident of this state the privilege of having a transitory action brought against him tried in the county of his residence (Grimes v. Ericson, 92 Minn. 164, 99 N. W. 621), it is considered that he may not be deprived of this privilege by making a foreign corporation also a party defendant. The provision quoted from section 7721, giving the plaintiff the right to select the county wherein to maintain the action, should be construed to be limited to cases wherein there are no resident defendants. In Healy v. Mathews, 108 Minn. 125, 121 N. W. 428, relied on by respondents, the foreign corporation was the sole defendant, and the action was properly commenced in the county where the plaintiff chose to institute the same.

We do not think there is anything in the sections 8245-8249, G. S. 1913, which necessarily makes an action upon a bond of a public contractor local, instead of transitory.

Let a peremptory writ issue.