## STATE EX REL. RALPH W. ANDERSON v. DISTRICT COURT OF BLUE EARTH COUNTY AND OTHERS.[1]

October 11, 1918.

No. 21,173.

**Mandamus — change of venue — second defendant not made a party to defeat change.**

Alternative writ of mandamus to compel change of venue of an action against two defendants, living in different counties. Motion of relator, one of the defendants, for change of venue to county of his residence heard on conflicting affidavits and denied. Ground of motion and of application for writ was that the other defendant was joined as defendant simply for the purpose of preventing such change. *Held*: The proof of such purpose was far from conclusive, and the trial court did not err in denying the motion. [Reporter.]

Upon the petition of Ralph W. Anderson, the supreme court directed the district court for Blue Earth county and the Honorable W. L. Comstock, judge of that court, to show cause why a peremptory writ of mandamus should not issue to change the place of trial of the action mentioned in the opinion from Blue Earth county to Nobles county. Writ denied.

*S. S. Smith* and *H. L. & J. W. Schmitt*, for petitioner.

*S. B. Wilson*, for respondent.

PER CURIAM.

Mandamus to compel the district court of Blue Earth county to change the place of trial of the case of Ervin Wilson v. Ralph W. Anderson and Thomas Wilson to Nobles county. Defendant Anderson resides in Nobles county, defendant Wilson in Blue Earth county. The latter is the father of the plaintiff, though they did not live together. The complaint charges negligence on the part of both defendants. Wilson was driving a team and buggy. In the rear of the buggy a cow was being led, driven by plaintiff. Defendant

[1] Reported in 169 N. W. 22.

Anderson came from the rear in his automobile and plaintiff was run down and sustained severe injuries. He charges negligence contributing to cause the accident on the part of both defendants. Defendant Anderson served and filed an affidavit and demand for change of venue to Nobles county. The clerk did not transfer the papers and defendant moved the court to change the place of trial, and for an order that the files be transferred. This motion was denied. The ground upon which the motion was based, and upon which this writ of mandamus is sought is that Thomas Wilson was made a defendant simply for the purpose of preventing a change of venue, that no cause of action was stated against him, and that he was without means to pay a judgment. The motion was presented to the trial court on conflicting affidavits. The complaint does state a cause of action against defendant Wilson and the proof was far from conclusive that he was not made a defendant in perfect good faith.

Writ denied.