## FRANK WINEGAR v. J. E. MARTIN AND OTHERS.[1]

### April 15, 1921.

### No. 22,356.

**Change of venue — review of order by mandamus.**

Appeal from an order changing the venue of an action, dismissed, because the well-established practice to review such an order is by mandamus, or by appeal from an order denying a new trial or from the final judgment. The place of trial should be settled by mandamus. [Reporter.]

[1] Reported in 182 N. W. 513.

From an order of the district court for Waseca county changing the venue of the action from Waseca county to Hennepin county, plaintiff appealed. Respondent moved to dismiss the appeal on the ground that the order was not appealable. Appeal dismissed.

*Moonan & Moonan*, for appellant.

*Jamison, Stinchfield & Mackall* and *Fred W. Senn*, for respondent.

PER CURIAM.

The appeal is from an order changing the place of trial from the county of Waseca to that of Hennepin. Respondent moves to dismiss on the ground that the order is not appealable. Appellant resists the motion, citing Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415, also Scott v. Miller Liquor Co. 122 Minn. 377, 142 N. W. 817, and Peterson v. Carlson, 127 Minn. 324, 149 N. W. 536. In each of these cases the motion was to strike from the calendar on the ground that there had in fact been a removal of the case by the filing of the demand and affidavits under section 7722, G. S. 1913. The motion upon which the order in the present appeal was made was under G. S. 1913, § 7723, on the ground that parties had been made defendants for the purpose of preventing a change.

In Antonsky v. City Dye House, 109 Minn. 96, 123 N. W. 56, such an order was held not appealable, citing Carpenter v. Comfort, 22 Minn. 539; Allis v. White, 59 Minn. 97, 60 N. W. 809. It is true that an order changing the venue of an action is a final order disposing of the action in the court making the order. But we think the practice has now been well established, and should be adhered to, that the only way to review or challenge such an order is by mandamus or else by appeal from an order denying a new trial or from the final judgment. The latter remedy is not recommended, for the reason stated in Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523. The place of trial should be definitely settled before the trial is had. It should be settled in as summary and speedy a manner as possible and we think this is by mandamus.

The following late cases indicate how frequently mandamus has been resorted to for the purpose of reviewing an order of the court below in changing or refusing to change the venue. State v. District Court of Clay County, 120 Minn. 99, 139 N. W. 135; State v. District Court of Waseca County, 120 Minn. 458, 139 N. W. 947; State v. District Court of Big Stone County, 120 Minn. 526, 139 N. W. 613; State v. Municipal Court of City of Duluth, 128 Minn. 225, 150 N. W. 924; State v. Quinn, 132 Minn. 219, 156 N. W. 284; State v. Jelley, 134 Minn. 332, 159 N. W. 788; State v. District Court of Pennington County, 138 Minn. 336, 164 N. W. 1014; State v. Tryholm, 139 Minn. 389, 166 N. W. 533; State v. District Court of Blue Earth County, 141 Minn. 489, 169 N. W. 22; State v. District Court of Pine County, 141 Minn. 491, 169 N. W. 420.

We hold the order not appealable. The appeal is dismissed.