STATE EX REL. FRANK WINEGAR v. THE DISTRICT COURT
OF WASECA COUNTY AND ARTHUR B. CHILDRESS,
JUDGE THEREOF.[1]

December 16, 1921.

No. 22,573.

**Change of venue — review by mandamus.**
    1. An order changing the place of trial on the ground that certain non-interested defendants were named to prevent a change on the demand of the only interested defendant, may be reviewed by mandamus proceedings directed to the court making such order.

**Decision sustained by evidence.**
    2. Affidavits presented in support of the motion in this case support the conclusion of the trial court in ordering a change.

After the former appeal reported in 148 Minn. 489, 182 N. W. 513, and upon the relation of Frank Winegar, the supreme court granted its alternative writ of mandamus directed to the district court for Waseca county and the Honorable Arthur B. Childress, judge thereof, to review the order of that court changing the venue of the case.   Affirmed.

*Moonan & Moonan,* for relator.
*Jamison, Slinchfield & Mackal,* for respondent.

PER CURIAM.

Procedure to procure a writ of mandamus directing the district court of Waseca county to retain the action hereinafter referred to in that county for trial.

In October, 1920, Frank Winegar brought an action based upon contract in the district court of Waseca county, against J. E. Martin, Mike Stopa and three other persons as defendants.   Martin resided in Hennepin county and the other defendants in Waseca county.   Martin and Stopa answered separately.   The other defendants did not answer, nor does it appear that they were served.

[1] Reported in 185 N. W. 1023.

Upon the call of the calendar at the opening of the regular January, 1921, term of court in Waseca county, the case was set for trial, without objection, the attorneys for the answering defendants being present. Five days later the defendant Martin gave notice to plaintiff of a motion for change of venue to Hennepin county, upon the ground that all the persons named as defendants, other than himself, were made parties to the action for the sole purpose of preventing a change of venue. The matter was argued, submitted and an order filed granting the motion. An appeal therefrom was taken to this court where it was held that the order was not appealable and the appeal was dismissed. Winegar v. Martin, 148 Minn. 489, 182 N. W. 513.

Thereafter this proceeding in mandamus was brought to review the order of the trial court so changing the venue on defendant's motion. The only question presented on the merits of the appeal is whether the findings of the trial court that the defendant Stopa was made a party defendant to prevent a transfer of the cause to Hennepin county, are sustained by the evidence. The affidavits have been fully considered, and we reach the conclusion that the decision of the trial court is justified thereby.

In taking leave of the case we hold that the procedure here adopted was proper. The venue was not changed by the demand of the defendant Martin that the cause be transferred to Hennepin county. But the court, subsequent to the demand, made an order changing the venue to that county on the ground heretofore stated, namely, that Stopa was made a defendant solely to prevent a change on the demand of defendant Martin. In that case the procedure here adopted in review of that order is proper. It would be different in a case where the demand itself affects the change of venue. The order is affirmed.

DIBELL, J. (concurring).

I concur upon the ground that State v. District Court, infra, page 498, settles the question of the propriety of mandamus.