STATE EX REL. CLIFFORD L. HILTON, ATTORNEY
GENERAL v. DISTRICT COURT OF RAMSEY COUNTY.[1]

May 2, 1924.

No. 24,032.

**Writ of mandamus used to determine where action is to be tried.**
1. Although mandamus was not intended as a reviewing writ, the practice of using it to settle disputes as to the proper place of trial has became firmly established.       \

**May require court to hear action, even if clerk has sent away the files.**
2. The writ may issue to require a court in which an action is pending to hear and determine it, although the clerk may have transmitted the records and files to another court.

**Place of trial of cases for collecting occupation tax on mining ore.**
3. Chapter 223, Laws of 1921, imposing an occupation tax on the business of mining ore, requires actions for the collection of that tax to be brought in Ramsey county or in the county where the ore was mined, and intends that such actions shall be tried in the county in which they are brought.

Upon the relation of Clifford L. Hilton, attorney general, the supreme court granted its alternative writ of mandamus directed to the district court for Ramsey county, and to the eight judges thereof, commanding them to try a certain action in due order or show cause why they had not or should not do so. Peremptory writ to issue.

Clifford L. Hilton, Attorney General, G. A. Youngquist and Charles E. Phillips, Assistant Attorneys General, for relator.

Washburn, Bailey & Mitchell, for respondents.

TAYLOR, C.

On January 7, 1924, the attorney general brought an action on behalf of the state in the district court of Ramsey county against the Crete Mining Company, a Minnesota corporation, to collect the

[1] Reported in 198 N. W. 667.

so-called occupation tax claimed to be due from that company for iron ore mined by it in the year 1921.   On January 8, 1924, the defendant duly served and filed an affidavit that its principal and only place of business was in the county of St. Louis with a written demand that the action be tried in that county.   Thereupon the attorney general procured an order from the district court of Ramsey county requiring defendant to show cause why the action should not be tried in Ramsey county and restraining the clerk from transmitting the files pending the hearing on this order.   On February 1, 1924, the district court of Ramsey county denied the motion of the attorney general and discharged the order to show cause.   On February 2, 1924, the clerk of the Ramsey county court transmitted the files and records to the clerk of the St. Louis county court.   On February 5, 1924, the attorney general procured an alternative writ of mandamus from this court directing the district court of Ramsey county to hear and try the action, or show cause why it should not do so.   The matter was submitted to this court upon the alternative writ and the return thereto.

Although the use of mandamus as a reviewing writ is recognized to be a perversion of the original purpose of the writ, the practice of using it to settle disputes as to the proper place of trial has been adopted for the reasons stated in the cases cited, and is now firmly established.   See State ex rel. v. District Court of Waseca county, 150 Minn. 498, 185 N. W. 1019; State ex rel. v. District Court of Waseca County, 150 Minn. 496, 185 N. W. 1023; Winegar v. Martin, 148 Minn. 489, 182 N. W. 513; Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523; Swanson v. Alworth, 157 Minn. 312, 198 N. W. 453.

The objection is made that the writ should not have been directed to the district court of Ramsey county, but to the district court of St. Louis county to compel that court to remand the action to Ramsey county.  .This depends upon whether the .place of trial has in fact been changed to St. Louis county.   If the action is still pending in Ramsey county, the writ may properly be directed to the court of that county to require it to try and determine the action.   See State ex rel. v. District Court of Hennepin County, 92 Minn. 205,

99 N. W. 806; Healy v. Mathews, 108 Minn. 125, 121 N. W. 428. If the district court of St. Louis county has possession of files and records which belong to the court of Ramsey county and shall refuse to return them, it may be compelled to do so in proper proceedings, but that is not the question presented in this proceeding.

On the authority of Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342, the Ramsey county court held, in effect, that serving and filing the demand and affidavit for change of venue with proof of due service thereof, operated ipso facto to change the place of trial. Whether it so operated is the real question presented. The Hurning case was an action for divorce. The statute then and for many years theretofore required that such actions be commenced in the county in which the plaintiff resided. They were also triable in that county until the passage of the act, now found in sections 7721 and 7722, G. S. 1913, which provides that all except certain specified actions shall be tried in the county in which the defendant resides and, if not brought in that county, shall be transferred thereto on the service and filing of a demand therefor by the defendant. This act contained no provision excepting actions for divorce from its operation, but did not expressly repeal the provision specifying where such actions should be commenced. The court solved the problem by holding that the action must be brought in the county in which the plaintiff resided as required by the divorce law, but could be transferred for trial to the county in which the defendant resided as provided in the later act. Thereafter the statute requiring such actions to be brought in the county in which plaintiff resided was amended by adding thereto a provision authorizing the court to change the place of trial in certain contingencies; and it was then held that the general law relating to change of venue no longer applied to such actions. State ex rel. v. District Court of Blue Earth County, 110 Minn. 501, 126 N. W. 138.

The tax in question is imposed by chapter 238, p. 274, Laws of 1921. This statute provides that every person engaged in the business of mining ore shall make a report thereof to the tax commission each year; that the tax commission shall determine the amount of tax due from every person engaged in such mining and certify the

amount thereof to the state auditor; that the state auditor shall draw drafts upon such persons for the amounts so certified and place them in the hands of the state treasurer for collection; that if a draft is not paid within the specified time "it shall be the duty of the Attorney General to bring an action thereon in the district court of Ramsey County, or of the county where such ores are mined or produced, for the amount of such draft."

This law is a revenue act, and it not only imposes the tax but also prescribes the procedure for collecting it.

The general tax laws show that it has always been the policy and purpose of the legislature to place actions for the collection of the public revenue in a class by themselves to the end that such actions shall be tried and determined with the least possible delay. Actions brought under the general tax laws are governed by the procedure prescribed in those laws, and not by the procedure prescribed in the general laws governing the prosecution of civil actions. The law now in question does not prescribe the procedure with the particularity found in the general tax laws, but does require that actions for the collection of this tax shall be brought either in Ramsey county or in the county where the ore was mined. The legislature undoubtedly intended to expedite and facilitate the collection of these taxes, and had that object in view in requiring the actions to be brought in one or the other of the specified counties. The reasons are obvious.

In Ramsey county the courts are in almost continuous session, while in many counties there are only two short terms each year. The act provides that all the proceedings for the collection of these taxes shall be conducted by certain state officers designated therein. These officers are required by law to keep their offices at the State Capitol in Ramsey county, and all the public records pertaining to the matter will be in that county. To require these officers to attend court and produce their records in each of the different counties in which a defendant may happen to reside, would not only be inconvenient, but would be likely to interfere with the proper performance of their official duties. If the controversy is over the quantity or quality of the ore mined or over other matters of fact, such

questions could doubtless be more readily determined where the mining was done, and it may be desirable to bring such actions in that county. The legislature has enacted that these actions shall be brought either in the county in which the state officers charged with the collection of the tax are required to keep their offices, or in the county where the ore is mined, as the attorney general shall elect in each particular case.

It is urged, however, that this statute leaves such actions subject to the general law relating to change of venue, for the reason that it does not specifically provide that they shall be tried in the county in which they are brought. When the legislature directs that an action for the collection of public revenues shall be brought in a particular court, it usually intends that the action shall be tried in that court. We think that such was the intention of the legislature in requiring these actions to be brought in one or the other of the counties designated; that the legislative purpose was to have them brought where they could be tried conveniently and expeditiously. We know of no reason for requiring them to be brought in a particular county except to fix the place of trial, and no other has been suggested.

We are of opinion and hold that the legislature intended these actions to be tried in the county in which they are brought, and that the general statute in respect of the place of trial of transitory civil actions, invoked by defendant, does not apply to them. Let a peremptory writ issue directing the district court of Ramsey county to hear and determine this action.