This is an appeal from an order changing the place of trial from Ward to Williams county.
The plaintiff brought this action in Ward county to recover on a policy of insurance upon the life of his wife. The policy, when issued, named the interpleaded defendant as beneficiary; she was the step-mother of the insured. On December 6, 1924, the insured married the plaintiff; on December 10, following, she mailed the policy to the company with the request that the beneficiary be changed; and on December 13, 1924, she was accidentally killed. At the time of her death a new policy had not been issued in conformity with her request. After the suit was brought, the insurance company deposited the face of the policy in court and was released from liability. At the same time, an order was made directing that the beneficiary, respondent Hoffman, be interpleaded as a defendant, and ordering her to answer or demur within thirty days after the serving of the order of interpleader upon her. She thereafter, and before the time for answering had expired, made a demand, in the usual form, for a change of venue. The plaintiff refused to consent thereto, and the district court, in due time, made an order changing the place of trial from Ward to Williams county.
It appears from the record that the contest is between the surviving husband of the insured and the original beneficiary; and that the insurance company, disclaiming all interest in the fund, has paid the money into court and has been, in all things, released from further liability under the insurance policy. The proceeds are in the custody of the court, in custodia legis.
At the time the action was commenced, it was unquestionably brought in the proper county. The defendant was a foreign corporation, and the action was for the recovery of money only. The proceeding, therefore, could be brought properly in any county designated by the plaintiff. Comp. Laws 1913, § 7417; Viets v. Silver, 19 N.D. 445, 447, 126 N.W. 239. *Page 314 
A civil action is commenced by serving a summon therein. Section 7420, Comp. Laws 1913 (Comp. Laws 1913, § 7417), provides that an action like the one at bar "shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action; . . . and if none of the defendants shall reside in the State, the action may be commenced in any county which the plaintiff shall designate in the summons." At the time of the commencement of the present action, the plaintiff had a right to designate Ward county as the place of trial, the sole defendant being a nonresident. At that time, therefore, the defendant placed the venue in the proper county. Subsequent to the commencement of the action, however, owing to the position taken by the defendant, it developed that a person who was not a resident of Ward county could and should be made a party defendant, in order to determine fully in one proceeding, the rights of the respective parties to the money deposited in court. Section 7418, Comp. Laws 1913, provides that if the county designated in the complaint is not the proper county, the venue of the proceeding may be changed upon demand of the defendant and the order of the court made therein. As has been pointed out, the proper county was designated in the complaint and in the summons when the action was commenced. We do not believe that the interpleaded defendant in this case has a right, under the statute, to demand a change of venue. Having in mind the circumstances in which she came into the litigation, the action was, as to her, commenced in the proper county and the order changing the venue was improper. In Healy v. Mathews, 108 Minn. 125, 121 N.W. 428, the court held, under the statutes, upon this point, not materially different from our own, that where the venue of an action is properly laid in the first instance, a third person thereafter substituted as defendant in the place of the one originally named, is not entitled, as a matter of legal right, to a change of the place of trial upon the ground of non-residence. See also Midland Nat. Bank v. Hendrickson,159 Minn. 355, 200 N.W. 17.
Judgment could have been entered without interpleading the defendant. While it could not have cut off any rights that she might have had to the fund, it would have operated as an adjudication between the plaintiff and the insurer. It would then have become incumbent upon the beneficiary to come into court and make good her claim to the fund; *Page 315 
and she would have been required to press her claim in the court in whose custody the fund was deposited. That court was the district court of Ward county. She is in no better position, with respect to the right to have the venue of the proceeding changed, merely because she was interpleaded otherwise than on her own motion, in order to settle, without a mulitplicity of suits and unnecessary delay, the question of the title to the proceeds of the policy.
The order of the trial court changing the venue of the action from Ward to Williams county is reversed and the trial court is directed to proceed in accordance with the views herein expressed.
CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURKE, JJ., concur.